T.C. Memo. 2007-18


UNITED STATES TAX COURT


ROGAN C. BIRD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 9149-06L.                    Filed January 29, 2007.


Rogan C. Bird, pro se.

<u>Alan Friday</u>, for respondent.


MEMORANDUM OPINION


WELLS, <u>Judge</u>:  This matter is before the Court on

respondent's motion for summary judgment pursuant to Rule 121.[1]

The issue we must decide is whether respondent's Appeals Office

_____

[1]Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code, as amended.

abused its discretion in determining to proceed with collection of petitioner's tax liability for taxable year 2002 by levy.

## Background

At the time of filing the petition in the instant case, petitioner resided in Farmerville, Louisiana.

Petitioner failed to file an income tax return for taxable year 2002. On November 18, 2004, respondent sent a notice of deficiency to petitioner at his last known address, which is the same address petitioner listed on his petition in the instant case. Petitioner did not petition this Court for a redetermination of the deficiency for taxable year 2002.

On October 7, 2005, respondent sent petitioner a Letter 1058, Notice of Intent to Levy and Your Right to a Hearing. On November 3, 2005, petitioner sent respondent a Form 12153, Request for a Collection Due Process Hearing, containing frivolous arguments.[2]

By letter dated January 24, 2006, Settlement Officer Suzanne Magee (Mrs. Magee) advised petitioner that his hearing request had been assigned to her, the arguments raised in the hearing request are ones consistently held to be frivolous, and he would

_____

[2]We note that although the Form 12153 lists as the taxable periods 1998 through 2004 and indicates disagreement with both a lien and a levy, the Notice of Determination relevant to the instant case sustains only a levy for taxable year 2002.

not be granted a face-to-face hearing.  Mrs. Magee also scheduled a telephonic conference for February 15, 2006.

Petitioner failed to participate in the telephonic conference.  Instead, petitioner faxed a 17-page document entitled "Public Protection Clause" to Mrs. Magee.  This document contained only frivolous tax protester arguments.

On February 16, 2006, Mrs. Magee sent a letter to petitioner stating that since he did not participate in the telephonic conference she would make a decision in his case on the basis of the administrative file and any material he had submitted.  The letter gave petitioner the opportunity to submit any additional information within 14 days.  Petitioner did not avail himself of this opportunity.

In his submissions to the IRS, petitioner raised only frivolous challenges to the underlying liability.  Petitioner did not offer any collection alternatives for Mrs. Magee to consider. After verifying that all applicable laws and administrative procedures had been met, Mrs. Magee determined, on the basis of the administrative file, that the proposed levy balanced the need for efficient collection of taxes with the legitimate concern that any collection action be no more intrusive than necessary.

On April 12, 2006, Mrs. Magee sent petitioner a Notice of Determination sustaining the proposed levy. On May 15, 2006, petitioner timely petitioned the Court.

On November 27, 2006, respondent filed the motion for summary judgment. The Court ordered petitioner to respond to the motion by January 3, 2006. Petitioner, in his response, continued to raise frivolous arguments challenging the underlying liability.

### Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials and may be granted where there is no genuine issue of material fact and a decision may be rendered as a matter of law. Rule 121(a) and (b); Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences are viewed in a light most favorable to the nonmoving party. Craig v. Commissioner, 119 T.C. 252, 260 (2002); Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985). The party opposing summary judgment must set forth specific facts that show that a genuine question of material fact exists and may not rely merely on allegations or denials in the pleadings. Grant Creek Water Works, Ltd. v. Commissioner, 91 T.C. 322, 325 (1988); Casanova Co. v. Commissioner, 87 T.C. 214, 217 (1986).

Section 6330 provides that no levy may be made on any property or right to property of a person unless the Secretary first notifies him or her in writing of the right to a hearing before the Appeals Office. The Appeals officer must verify at the hearing that the applicable laws and administrative procedures have been followed. Sec. 6330(c)(1). At the hearing, the person requesting a hearing may raise any relevant issues relating to the unpaid tax or the proposed levy, including appropriate spousal defenses, challenges to the appropriateness of collection actions, and collection alternatives. Sec. 6330(c)(2)(A). The person may challenge the existence or amount of the underlying tax, however, only if he or she did not receive any statutory notice of deficiency for the tax liability or did not otherwise have an opportunity to dispute the tax liability. Sec. 6330(c)(2)(B).

Where the validity of the underlying tax liability is properly in issue, the Court will review the matter de novo. Where the validity of the underlying tax is not properly at issue, however, the Court will review the Commissioner's administrative determination for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

Petitioner does not dispute that he had the opportunity to challenge the correctness of his tax liability for 2002 by petitioning this Court from the notice of deficiency, but failed to do so. Therefore, petitioner's underlying tax liability for 2002 was not properly in issue.

In the instant case, the record indicates that the only issues petitioner raised throughout the section 6330 administrative process and in his petition to this Court were frivolous tax protester type arguments. We do not address petitioner's frivolous arguments with somber reasoning and copious citations of precedent, as to do so might suggest that these arguments possess some degree of colorable merit. See Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984).

Accordingly, we hold that no genuine issue of material fact exists requiring trial and that respondent is entitled to summary judgment. Respondent's determination to proceed with the proposed levy to collect petitioner's tax liability for 2002 was not an abuse of discretion.

Section 6673(a)(1) authorizes the Court to impose a penalty not in excess of $25,000 when it appears to the Court that, inter alia, proceedings have been instituted or maintained by the taxpayer primarily for delay or that the position of the taxpayer

in such proceeding is frivolous or groundless.  In <u>Pierson v. Commissioner</u>, 115 T.C. 576, 581 (2000), we issued a warning concerning the imposition of a penalty under section 6673(a)(1) on those petitioners abusing the protections afforded by sections 6320 and 6330 through the bringing of dilatory or frivolous lien or levy actions.  The Court has since repeatedly disposed of cases premised on arguments akin to those raised herein summarily and with imposition of the section 6673 penalty.[3]  See, e.g., <u>Craig v. Commissioner</u>, 119 T.C. at 264-265 (and cases cited therein).

Respondent has not sought a section 6673 penalty in the instant case; however, the Court considers this issue sua sponte. Petitioner was warned by respondent that his arguments were frivolous.  Petitioner referred to the penalty in his response to respondent's motion for summary judgment.[4]  Petitioner clearly is aware of section 6673, yet raised frivolous arguments during the

---

[3]We note that on Dec. 20, 2006, Congress enacted the Tax Relief and Health Care Act of 2006, Pub. L. 109-432, div. A, sec. 407, 120 Stat. 2960, which, through amendments to secs. 6702 and 6330, instructs the Secretary to prescribe a list of positions identified as frivolous.  A request for a sec. 6330 hearing based on any such position may then be disregarded and is not subject to further administrative or judicial review.  The new provisions are effective only for issues raised after the Secretary prescribes the list of frivolous positions.

[4]The closing line of petitioner's response reads: "Petitioner asks this Court to deny Respondent's Motion for Summary Judgment, abate the additions to tax determined by Respondent and refuse any penalty at 26 U.S.C. [section] 6673."

administrative process, in his petition to this Court, and in his response to respondent's motion.  Accordingly, we shall impose a $3,000 penalty on petitioner pursuant to section 6673.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.