119 T.C. No. 15


UNITED STATES TAX COURT


MICHAEL CRAIG, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14649-01L.            Filed November 14, 2002.


On Feb. 22, 2001, R mailed to P a final notice of
intent to levy (final notice) for 1990, 1991, and 1992.
On the same day, R mailed to P a final notice for 1995.
On March 17, 2001, P timely requested a hearing under
sec. 6330, I.R.C. (Hearing), as to both final notices.
Subsequently, R's Appeals officer (A) held with P an
"equivalent hearing" under sec. 301.6330-1(i), Proced.
& Admin. Regs.  A informed P at the equivalent hearing
that P was not allowed a Hearing because, A mistakenly
believed, P's request for a Hearing was untimely.  A
later issued to P a decision letter sustaining the
proposed levy.
    Held:  The determination reflected in the decision
letter, coupled with P's timely petition to this Court
with respect thereto, serves to invoke this Court's
jurisdiction under sec. 6330(d)(1), I.R.C.

Michael Craig, pro se.

Anne W. Durning, for respondent.

OPINION

LARO, Judge:  Petitioner, while residing in Scottsdale, Arizona, petitioned the Court under section 6330(d)(1) to review respondent's determination as to his proposed levy upon petitioner's property.  Respondent proposed the levy to collect Federal income taxes of approximately $10,656.55 for 1990, $12,192.27 for 1991, $18,437.01 for 1992, and $307.63 for 1995.[1] Currently, the case is before the Court on respondent's motion for summary judgment under Rule 121 and to impose a penalty against petitioner under section 6673(a).  Petitioner has filed with the Court a response to respondent's motion.

We decide as a matter of first impression whether the Court has jurisdiction under section 6330(d)(1), given that respondent has never issued to petitioner a notice of determination with respect to a hearing described in section 6330 (Hearing[2]).

---

[1] We use the term "approximately" because these amounts were computed before the present proceeding and have since increased on account of interest.

[2] The parties and the Treasury regulations refer to the hearing described in sec. 6330 as a "collection due process hearing" (or a "CDP hearing" for short).  That term is not used in either sec. 6330 or the legislative history underlying the promulgation of that section.  The legislative history refers to the hearing as a "pre-levy hearing".  H. Conf. Rept. 105-599, at

(continued...)

Respondent acknowledges that petitioner was entitled to and should have been given a Hearing. All the same, respondent argues, the Court has jurisdiction to decide this case. Respondent argues that respondent's failure to grant petitioner's timely request for a Hearing was harmless error because petitioner was offered and attended an "equivalent hearing" under section 301.6330-1(i), Proced. & Admin. Regs. (equivalent hearing), and received a decision letter (decision letter) as to the equivalent hearing.

We hold that we have jurisdiction. Also, we shall grant respondent's motion for summary judgment, and we shall impose a $2,500 penalty against petitioner. Unless otherwise noted, section references are to the applicable versions of the Internal Revenue Code. Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

A.  Income Tax Returns for 1990, 1991, and 1992

Petitioner and his wife, Lorraine Craig (Ms. Craig), did not file timely Federal income tax returns for 1990 and 1991. On February 18, 1993, respondent prepared and filed substitutes for returns for those years under section 6020. In preparing the substitutes for returns, respondent relied on information

---

[2](...continued)
266 (1998); 1998-3 C.B. 747, 1020. We refer to it as a "Hearing".

received from the Bureau of Labor Statistics. On October 27, 1994, and on December 14, 1994, petitioner and Ms. Craig filed joint 1990 and 1991 Federal income tax returns, respectively. Those returns were treated by respondent as amended returns. On February 3, 1995, petitioner and Ms. Craig filed a joint 1992 Federal income tax return.

On October 5, 1995, respondent issued a notice of deficiency to petitioner and Ms. Craig. The notice determined that petitioner and Ms. Craig were liable for deficiencies in their 1990, 1991, and 1992 Federal income taxes as follows:

|  |  | Additions to Tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654 |
| 1990 | $6,700 | $1,675 | $441 |
| 1991 | 50,686 | 12,672 | 2,913 |
| 1992 | 6,814 | 1,704 | 294 |

Petitioner and Ms. Craig petitioned the Court with respect to the notice on December 21, 1995. On February 24, 1997, petitioner and Ms. Craig signed a stipulated decision. This decision listed the deficiencies in Federal income tax due from petitioner and Ms. Craig in accordance with the notice of deficiency and provided that "effective upon the entry of the decision by the Court, petitioners [petitioner and Ms. Craig] waive the restriction contained in Internal Revenue Code § 6213(a) prohibiting assessment and collection of the deficiencies and additions to the tax (plus statutory interest) until the

decision of the Tax Court has become final." That stipulated decision was entered by the Court on February 27, 1997.

On May 5, 1997, on the basis of the stipulated decision, respondent assessed the 1990, 1991, and 1992 Federal income tax liabilities of petitioner and Ms. Craig.

B.    Income Tax Return for 1995

On December 4, 1997, petitioner filed a 1995 Federal income tax return. On the basis of this return, respondent assessed petitioner's tax liability for 1995 on January 12, 1998.

C.    Request for a Hearing

On February 22, 2001, respondent mailed to petitioner and Ms. Craig a letter, "Final Notice - Notice of Intent to Levy and Notice of Your Right to a Hearing" (final notice), for 1990, 1991, and 1992. On the same day, respondent mailed to petitioner a final notice for 1995. Both final notices were signed by a chief of the IRS Automated Collection Branch in Ogden, Utah. These notices informed petitioner and Ms. Craig of (1) respondent's intent to levy upon their property pursuant to section 6331 and (2) their right under section 6330 to a Hearing with respondent's Office of Appeals (Appeals). Enclosed with the final notices were copies of Forms 12153, Request for a Collection Due Process Hearing. On March 17, 2001, petitioner requested timely the referenced Hearing for 1990, 1991, 1992, and 1995 by mailing to respondent a letter accompanied by two Forms

12153, the first for 1990, 1991, and 1992, and the second for 1995. Petitioner signed the letter, but he did not sign the Forms 12153. In that letter, petitioner requested a Hearing and stated the following disagreement with the proposed levy:

> this letter constitutes my request for a Collection Due Process Hearing, as provided for in Code Sections 6320 and 6330, with regards to the Final Notice - Notice of Intent to Levy at issue * * *

> Since Section 6330 (c) (1) requires that "The appeals officer shall at the hearing obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met," I am requesting that the appeals officer have such verification with him at the Collection Due Process Hearing and that he send me a copy such verification within 30 days from the date of this letter. In the absence of any such hearing, and if you fail to send me the requested Treasury Department Regulations and Delegation Orders within 30 days from the date of this letter, then I will consider this entire matter closed. If you do attempt to take any enforcement action against me without according me the hearing requested, and without sending me the documentation requested, you will be violating numerous laws which I will identify in a 7433 lawsuit against you and the government.

On April 12, 2001, the Ogden Service Center returned the requests to petitioner and Ms. Craig because the Forms 12153 were not signed. Two identical letters with respect to 1990, 1991, 1992, and with respect to 1995, sent to petitioner with Forms 12153 stated:

> We are returning your Form 12153, Request for a Collection Due Process Hearing, because you did not sign it. If you have not been able to work out a solution to your tax liability and still want to request a hearing with the IRS Office of Appeals, you need to complete and sign the Form 12153.

If we do not hear from you by May 3, 2001, we may take enforcement action without notifying you further.

On May 6, 2001, the Ogden Service Center received from petitioner two signed Forms 12153 for 1990, 1991, and 1992, and for 1995, respectively, which stated:

This Form 12153 WAS NOT SIGNED VOLUNTARILY, but UNDER DURESS, not wishing to give the I.R.S. or it's agents any cause to deny or delay the Due Process Hearing guaranteed to me by law as per I.R.C. Section 6330. My signature on this document DOES NOT give even TACIT AGREEMENT that the "statutory period of limitations for collection be suspended during the Collection Due Process Hearing and any subsequent judicial review".

On September 28, 2001, the Appeals officer held with petitioner an equivalent hearing. At the equivalent hearing, the Appeals officer explained to petitioner that it was an equivalent hearing and not a Hearing. The Appeals officer then reviewed and showed to petitioner Forms 4340, Certificate of Assessments, Payments and Other Specified Matters. The Forms 4340 were dated July 17, 2001, and were for 1990, 1991, 1992, and 1995. On September 28, 2001, after the equivalent hearing, the Appeals officer sent the Forms 4340 to petitioner.

On October 27, 2001, the Appeals officer issued to petitioner a "Decision Letter Concerning Equivalent Hearing Under Section 6320 and/or 6330" (i.e., the decision letter) for 1990, 1991, 1992, and 1995. The decision letter sustained the proposed collection action against petitioner. The decision letter stated that petitioner did not have the right to judicial review of the

decision set forth in the decision letter.  The decision letter
stated:

> Your due process hearing request was not filed
> within the time prescribed under Section 6320 and/or
> 6330.  However, you received a hearing equivalent to a
> due process hearing except that there is no right to
> dispute a decision by the Appeals Office in court under
> IRC Sections 6320 and/or 6330.

## Discussion

### A.    Jurisdiction Under Section 6330(d)(1)

We decide for the first time whether we have jurisdiction
under section 6330(d)(1) in the setting at hand.  We conclude
that we do.  We set forth the relevant text of section 6330 in an
appendix.

Section 6330(d)(1) is the specific provision that governs
our jurisdiction to review a proposed collection action.  Our
jurisdiction under that section depends upon the issuance of a
valid notice of determination and a timely petition for review.
E.g., Goza v. Commissioner, 114 T.C. 176, 182 (2000); see also
Lunsford v. Commissioner, 117 T.C. 159, 161 (2001).  See
generally Offiler v. Commissioner, 114 T.C. 492, 498 (2000) ("The
notice of determination provided for in section 6330 is, from a
jurisdictional perspective, the equivalent of a notice of
deficiency.").  Here, petitioner has timely filed a petition with
this Court.[3]  Thus, we are left to decide whether respondent has

---

[3] The decision letter was sent to petitioner on Oct. 27,
(continued...)

made a "determination" within the meaning of section 6330(d)(1) which we have jurisdiction to review.

Respondent acknowledges that petitioner did not have the Hearing described in section 6330. All the same, respondent argues, the decision letter issued to petitioner as to the equivalent hearing reflects a "determination" sufficient to invoke the Court's jurisdiction under section 6330(d)(1). We agree. The Treasury Department regulations interpreting section 6330 recognize specifically that there are two types of hearings which may be conducted by Appeals in connection with section 6330; i.e., Hearings and equivalent hearings. As explained below, the Treasury Department regulations state that an Appeals officer will consider at an equivalent hearing the same issues as at a Hearing, and that the contents of the decision letter that results from an equivalent hearing will generally be the same as in the notice of determination that results from a Hearing.

As to a Hearing, the statute provides that a taxpayer has a right to a Hearing with an Appeals officer before a levy may be made upon his or her property, if the Hearing is timely requested by the taxpayer. Sec. 6330(a)(1), (a)(2), (a)(3)(B), and (b)(1).

---

³(...continued)
2001, and the petition was postmarked Nov. 21, 2001. Whereas the petition was actually filed by the Court when received on Dec. 28, 2001, the approximately 6-week delivery time was attributable to delays in the receipt of mail experienced by the Court because of anthrax.

The statute provides further that at the Hearing the taxpayer may raise any relevant matter set forth in section 6330(c) and that the Appeals officer shall make a "determination" as to those matters. Sec. 6330(c) and (d)(1); see also sec. 301.6330-1(f), Proced. & Admin. Regs. (regulations interpreting section 6330 provide that the Appeals officer must issue a "Notice of Determination" to any taxpayer who timely requests a Hearing).[4] The statute gives a taxpayer the right to contest the Appeals officer's determination in the appropriate judicial forum, sec. 6330(d)(1), and precludes respondent from proceeding with the proposed levy that is the subject of the Hearing while the Hearing and any appeals thereof are pending, sec. 6330(e)(1). The statute provides that the applicable periods of limitation

---

[4] The regulations provide further that, in general, the notice of determination must set forth the Appeals officer's findings and decisions. Sec. 301.6330-1(e)(3), Q&A-E8, Proced. & Admin. Regs. More specifically, the notice of determination must: (1) State whether respondent met the requirements of any applicable law or administrative procedure; (2) resolve any issue appropriately raised by the taxpayer relating to the unpaid tax; (3) decide any appropriate spousal defenses raised by the taxpayer; (4) decide any challenge made by the taxpayer to the appropriateness of the collection action; (5) respond to any offers by the taxpayer for collection alternatives; (6) address whether the proposed collection action represents a balance between the need for the efficient collection of taxes and the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary; (7) set forth any agreements that Appeals reached with the taxpayer, any relief given the taxpayer, and any actions which the taxpayer or respondent are required to take; and (8) advise the taxpayer of the right to seek judicial review within 30 days of the date of the notice of determination. Id.

under sections 6502, 6531, or 6532 are suspended for the same period.  Sec. 6330(e)(1).

Whereas the above-stated rules for a Hearing are provided explicitly in the statute, the rules for an equivalent hearing have their genesis in the statute's legislative history and the regulations implementing Congressional intent as gleaned from that history.  See H. Conf. Rept. 105-599, at 266 (1998); 1998-3 C.B. 1020 (in the event that a taxpayer does not timely request a Hearing, "The Secretary must provide a hearing equivalent to the hearing if later requested by the taxpayer"); cf. Johnson v. Commissioner, 86 AFTR 2d 2000-5225, 2000-2 USTC par. 50,591 (D. Or. 2000) ("'equivalent hearing' is provided for only by regulation and is not mandated by Section 6330 itself").  The scheme of the regulations as they apply to equivalent hearings generally follows the statutory scheme for Hearings.

Under the regulations, any taxpayer who fails to timely request a Hearing may receive an equivalent hearing.  Sec. 301.6330-1(i)(1), Proced. & Admin. Regs.  The equivalent hearing (like the Hearing) is held with Appeals, and the Appeals officer considers the same issues which he or she would have considered had the equivalent hearing been a Hearing.  Id.  The Appeals officer also generally follows the same procedures at an equivalent hearing which he or she would have followed had the equivalent hearing been a Hearing.  Id.  Although the Appeals

officer concludes an equivalent hearing by issuing a decision letter, as opposed to a notice of determination, the different names which are assigned to these documents are merely a distinction without a difference when it comes to our jurisdiction over this case, where a Hearing was timely requested. The decision letter contains all of the information required by section 301.6330-1(e)(3), Q&A-E8, Proced. & Admin. Regs., to be included in a notice of determination but for the fact that the decision letter ordinarily states in regard to most issues that a taxpayer may not (as opposed to may) seek judicial review of the decision.[5] Id.; cf. sec. 301.6330-1(i)(2), Q&A-I5, Proced. & Admin. Regs. (taxpayer may in certain cases contest in court the Appeals officer's decision in an equivalent hearing to deny a claim for relief from joint liability under section 6015).

Under the facts herein, where Appeals issued the decision letter to petitioner in response to his timely request for a Hearing, we conclude that the "decision" reflected in the decision letter issued to petitioner is a "determination" for purposes of section 6330(d)(1). Cf. Moorhous v. Commissioner, 116 T.C. 263, 270 (2001) (decision reflected in a decision letter

---

[5] Nor do we find a distinction for purposes of our jurisdiction in the fact that the Treasury Department's regulations provide that a taxpayer's request for an equivalent hearing neither automatically suspends the levy actions which are subject of the Hearing nor the running of any period of limitations under secs. 6502, 6531, or 6532. Sec. 301.6330-1(i)(2), Q&A-I1 and 2, Proced. & Admin. Regs.

was not a "determination" under section 6330(d)(1) where the taxpayer's request for a Hearing was untimely); Nelson v. Commissioner, T.C. Memo. 2002-264 (same); Lopez v. Commissioner, T.C. Memo. 2001-228 (same). The fact that respondent held with petitioner a hearing labeled as an equivalent hearing, rather than a hearing labeled as a Hearing, and that respondent issued to petitioner a document labeled as a decision letter, rather than a document labeled as a notice of determination, does not erase the fact that petitioner received a "determination" within the meaning of section 6330(d)(1). We hold that we have jurisdiction to decide this case.

B.  Respondent's Motion for Summary Judgment

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(a) and (b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual

inferences are drawn in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

Petitioner has raised no genuine issue as to any material fact. Accordingly, we conclude that this case is ripe for summary judgment.

Section 6331(a) provides that if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, the Secretary may collect such tax by levy on the person's property. Section 6331(d) provides that at least 30 days before enforcing collection by levy on the person's property, the Secretary must provide the person with a final notice of intent to levy, including notice of the administrative appeals available to the person.

Section 6330 generally provides that the Commissioner cannot proceed with collection by levy until the person has been provided with notice and the opportunity for an administrative review of the matter (in the form of a Hearing before Appeals) and, if dissatisfied, with judicial review of the administrative determination. Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. at 179. In the event of such a judicial review, the Court's standard of review depends on whether the underlying tax liability is at issue. The Court

reviews a taxpayer's liability under the de novo standard where the validity of the underlying tax liability is at issue. The Court reviews the other administrative determinations for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000). A taxpayer's underlying tax liability may be at issue only if he or she "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." Sec. 6330(c)(2)(B).

With respect to 1990, 1991, and 1992, petitioner received a notice of deficiency and petitioned the Court with respect thereto. It follows that petitioner's underlying tax liability for 1990, 1991, and 1992 is not at issue. Accordingly, we review respondent's determination for these years for abuse of discretion.

With respect to 1995, petitioner neither received a notice of deficiency nor had an opportunity to dispute the underlying tax liability. Whereas the Appeals officer did not allow petitioner to raise at the equivalent hearing the underlying tax liability for that year, respondent now recognizes that it was error to do so (i.e., to not allow petitioner to dispute the underlying tax liability for 1995). See Hoffman v. Commissioner, 119 T.C. 140 (2002). We review petitioner's underlying tax liability for 1995 on a de novo basis.

-16-

Petitioner asserts in his petition the following allegations of error as to 1990, 1991, 1992, and 1995:

a) * * * the appeals officer violated the law by not "presenting" petitioner with the "verification from the Secretary" as required by Code Sections 6330(c)(1) and 6330(c)(3)(A).

b) No statutory Notice and Demand for payment was ever sent to petitioner in accordance with the provisions and requirements of Code Sections 6303, 6321, and 6331.

c) No Regulation exists, as referred to in Code Sections 6001 and 6011, that requires petitioner to pay the tax at issue.

d) No valid statutory notice of deficiency was sent to petitioner.

e) No valid assessment showing an amount due could have been assessed from petitioner's returns.

f) No other returns exist from which an assessment could have complied with the provisions of section 26 USC 6201(a)(1).

g) No statute in the Internal Revenue Code establishes the "existence * * * of the underlying liability" as referred to in 6330(c)(2)(B), and the United States will not be able to identify for this Court any statute that refers to any such tax liability as for example Code sections 4401(c), 5005(a), and 5703(a) do with respect to Wagering, Distilled spirits, and Tobacco taxes.

h) No statute in the Internal Revenue code establishes a requirement "to pay" the income tax at issue, as for example code sections 4401(c), 5007(a) and 5703(b) do with respect to Federal Wagering, Alcohol, and Tobacco taxes.

i) The notice received by petitioner notifying him of his right to a hearing was not signed by the Secretary or his delegate as required by 26 USC 6330(a)(1).

We turn to address these allegations.

First, petitioner alleges that the Appeals officer failed to obtain verification from the Secretary that the requirements of all applicable laws and administrative procedures were met as required by section 6330(c)(1). We disagree. Section 6330(c)(1) does not require the Appeals officer to rely upon a particular document (e.g., the summary record itself rather than transcripts of account) in order to satisfy this verification requirement. Kuglin v. Commissioner, T.C. Memo. 2002-51; see also Weishan v. Commissioner, T.C. Memo. 2002-88. Nor does it mandate that the Appeals officer actually give a taxpayer a copy of the verification upon which the Appeals officer relied. Sec. 6330(c)(1); sec. 301.6330-1(e)(1), Proced. & Admin. Regs.; see also Nestor v. Commissioner, 118 T.C. 162 (2002). Given the additional fact that petitioner was actually given copies of the relevant Forms 4340,[6] which are a valid verification that the requirements of any applicable law or administrative procedure have been met, Roberts v. Commissioner, 118 T.C. 365 (2002); Mudd

---

[6] Federal tax assessments are formally recorded on a record of assessment. Sec. 6203. The summary record of assessment must "provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment." Sec. 301.6203-1, Proced. & Admin. Regs. The record shows that in addition to Forms 4340, petitioner received IMF MCC transcripts of account for 1990, 1991, 1992, and 1995. Those transcripts of petitioner's account for respective years also contained all the information required under section 301.6203-1, Proced. & Admin. Regs.

-18-

v. Commissioner, T.C. Memo. 2002-204; Howard v. Commissioner, T.C. Memo. 2002-81; Mann v. Commissioner, T.C. Memo. 2002-48, we hold that:   (1) The assessments were valid, Kuglin v. Commissioner, supra; see also Duffield v. Commissioner, T.C. Memo. 2002-53; and (2) the Appeals officer satisfied the verification requirement of section 6330(c)(1), Yacksyzn v. Commissioner, T.C. Memo. 2002-99; cf. Nicklaus v. Commissioner, 117 T.C. 117, 120-121 (2001).  Petitioner has not demonstrated in this proceeding any irregularity in the assessment procedure that would raise a question about the validity of the assessment or the information contained in Forms 4340.

Second, petitioner alleges that no statutory notice and demand for payment was sent to him.  We disagree.  "The Secretary shall, as soon as practicable, and within 60 days, after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof."  Sec. 6303(a).  If mailed, this notice and demand is required to be sent to the taxpayer's last known address.  Id.  Forms 4340 show that respondent sent petitioner notices of balance due on the same dates that respondent made assessments against petitioner for the subject years.  A notice of balance due constitutes a notice and demand for payment under section 6303(a).  Schaper v. Commissioner, T.C. Memo. 2002-203.  In addition, petitioner received numerous final

notices (notices of intention to levy), as well as notices of deficiency, receipt of which petitioner does not dispute. These numerous notices were sufficient and met the requirements of section 6303(a). Hansen v. United States, 7 F.3d 137, 138 (9th Cir. 1993); Hughes v. United States, 953 F.2d 531, 536 (9th Cir. 1992); Weishan v. Commissioner, supra. "The form on which a notice of assessment and demand for payment is made is irrelevant as long as it provides the taxpayer with all the information required under 26 U.S.C. § 6303(a)." Elias v. Connett, 908 F.2d 521, 525 (9th Cir. 1990).

Third, petitioner alleges that the final notice is invalid because it was not signed by the Secretary or his delegate as required by section 6330(a)(1). We disagree. For purposes of section 6330(a), either the Secretary or his delegate (e.g., the Commissioner) may issue a final notice of intent to levy. Secs. 7701(a)(11)(B) and (12)(A)(i), 7803(a)(2); see also sec. 301.6330-1(a)(1), Proced. & Admin. Regs. Here, the authority to levy on petitioner's property was delegated to the "Automated Collection Branch Chiefs pursuant to Delegation Order No. 191 (Rev. 2), effective October 1, 1999. Internal Revenue Manual, sec. 1.2.104, 102 (Nov. 24, 1999)." Wilson v. Commissioner, T.C. Memo. 2002-242. Consistent with this delegation of authority, the final notice on intent to levy in this case, which was

executed by the chief of the Automated Collection Branch in Ogden, Utah, was valid.

As to petitioner's remaining allegations, each allegation is a shop-worn, frivolous contention which "We perceive no need to refute * * * with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984). Suffice it to say:

1. the Internal Revenue Code establishes the existence of his underlying tax liability and requires him to pay income tax, Tolotti v. Commissioner, T.C. Memo. 2002-86;

2. petitioner is a taxpayer subject to the Federal income tax, see secs. 1(c), 7701(a)(1), (14);

3. compensation for labor or services rendered constitutes income subject to the Federal income tax, sec. 61(a)(1); United States v. Romero, 640 F.2d 1014, 1016 (9th Cir. 1981);

4. petitioner is required to file an income tax return, sec. 6012(a)(1); and

5. petitioner's failure to report tax on a return does not prevent the Commissioner from determining a deficiency in his Federal income tax, secs. 6211(a), 6212(a); see Monaco v. Commissioner, T.C. Memo. 1998-284.

Petitioner has failed to raise a spousal defense, make a valid challenge to the appropriateness of respondent's intended

collection action, or offer alternative means of collection. These issues are now deemed conceded. Rule 331(b)(4).

For the foregoing reasons, we sustain respondent's determination as to the proposed levy as a permissible exercise of discretion.

C.   Respondent's Motion To Impose a Penalty Against Petitioner

We now turn to the requested penalty under section 6673. Section 6673(a)(1) authorizes the Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless.  We have repeatedly indicated our willingness to impose such penalties in lien and levy review proceedings. Roberts v. Commissioner, 118 T.C. 365 (2002);  Hoffman v. Commissioner, T.C. Memo. 2000-198.  Moreover, we have imposed penalties in such proceedings when the taxpayer has raised frivolous and groundless arguments as to the legality of the Federal tax laws.  Yacksyzn v. Commissioner, T.C. Memo. 2002-99; Watson v. Commissioner, T.C. Memo. 2001-213; Davis v. Commissioner, T.C. Memo. 2001-87.

In accordance with the firmly established law set forth above, we conclude that petitioner's positions in this proceeding

are frivolous and/or groundless.[7]  We also conclude from the record that petitioner has instituted and maintained this proceeding primarily for delay.  Accordingly, pursuant to section 6673, we require him to pay to the United States a penalty of $2,500.

We have considered all arguments and have found those arguments not discussed herein to be irrelevant and/or without merit.  To reflect the foregoing,

<u>An appropriate order and decision will be entered for respondent</u>.

---

[7] The Appeals officer directed petitioner's attention to our decision in <u>Pierson v. Commissioner</u>, 115 T.C. 576 (2000), wherein taxpayers advancing frivolous and groundless claims and instituting proceedings under sec. 6330(d) for the purpose of delay were given an unequivocal warning that the Court would impose penalties.  In addition, petitioner received a copy of our opinion in that case; that opinion was sent to him by the Appeals officer after the equivalent hearing.

APPENDIX

SEC. 6330.  NOTICE AND OPPORTUNITY FOR HEARING BEFORE LEVY.

(a) Requirement of Notice Before Levy.--

(1) In general.--No levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of their right to a hearing under this section before such levy is made. Such notice shall be required only once for the taxable period to which the unpaid tax specified in paragraph (3)(A) relates.

(2) Time and Method for Notice.--The notice required under paragraph (1) shall be--

(A) given in person;

(B) left at the dwelling or usual place of business of such person; or

(C) sent by certified or registered mail, return receipt requested, to such person's last known address,

not less than 30 days before the day of the first levy with respect to the amount of the unpaid tax for the taxable period.

(3) Information Included With Notice.-- The notice required under paragraph (1) shall include in simple and nontechnical terms--

*     *     *     *     *     *     *

(B) the right of the person to request a hearing during the 30-day period under paragraph (2) * * *

*     *     *     *     *     *     *

(b) Right to Fair Hearing.--

(1) In general.--If the person requests a hearing under subsection (a)(3)(B), such hearing shall be held by the Internal Revenue Service Office of Appeals.

\*    \*    \*    \*    \*    \*    \*

(c) Matters Considered at Hearing.--In the case of any hearing conducted under this section--

(1) Requirement of investigation.--The appeals officer shall at the hearing obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met.

(2) Issues at hearing.--

(A) In general.--The person may raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy, including--

(i) appropriate spousal defenses;

(ii) challenges to the appropriateness of collection actions; and

(iii) offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise.--

\*    \*    \*    \*    \*    \*    \*

(3) Basis for the determination.--The determination by an appeals officer under this subsection shall take into consideration--

(A) the verification presented under paragraph (1);

(B) the issues raised under paragraph (2); and

(C) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary.

(4) Certain issues precluded.--An issue may not be raised at the hearing if--

(A) the issue was raised and considered at a previous hearing under section 6320 or in any other previous administrative or judicial proceeding; and

(B) the person seeking to raise the issue participated meaningfully in such hearing or proceeding.

\* \* \* \* \* \* \*

(d) Proceeding After Hearing.--

(1) Judicial review of determination.-- The person may, within 30 days of a determination under this section, appeal such determination--

(A) to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter); or

(B) if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States.

If a court determines that the appeal was to an incorrect court, a person shall

have 30 days after the court determination to file such appeal with the correct court.

    *    *    *    *    *    *    *

(e) Suspension of Collections and Statute of Limitations.--

    (1) In general.--* * * if a hearing is requested * * *, the levy actions which are the subject of the requested hearing and the running of any period of limitations under section 6502 (relating to collection after assessment), section 6531 (relating to criminal prosecutions), or section 6532 (relating to the suits) shall be suspended for the period during which such hearing, and appeals therein, are pending.  In no event shall any such period expire before the 90th day after the day on which there is a final determination in such hearing. * * *