T.C. Summary Opinion 2008-9

UNITED STATES TAX COURT

JULIET HESS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14444-06S.                    Filed January 29, 2008.

Juliet Hess, pro se.

<u>Frederic J. Fernandez</u>, for respondent.

GERBER, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
when the petition was filed.  Pursuant to section 7463(b), the
decision to be entered is not reviewable by any other court, and
this opinion shall not be treated as precedent for any other
case.  In this collection case respondent determined that he was
entitled to proceed with collection of an assessed tax liability,

and petitioner, by filing a petition with this Court, contested that determination. Petitioner's only allegation of error questioned the merits of the underlying tax liability. Respondent, relying on section 6330(c)(2)(B),[1] moved for summary judgment on the ground that petitioner is precluded from contesting the merits of the underlying tax liability because she received a notice of deficiency and failed to contest respondent's determination.

## Background

Petitioner, filed a 2002 Federal income tax return with an address in Wisconsin, reported as her address. Respondent sent, by certified mail, a statutory notice of deficiency to petitioner at the above address determining an income tax deficiency for 2002. Petitioner failed to petition this Court within the prescribed time, and respondent assessed the 2002 income tax deficiency.

Respondent sent petitioner a Form Letter 1058, Final Notice--Notice of Intent to Levy and Notice of Your Right To a Hearing, dated April 12, 2006. On April 19, 2006, respondent received petitioner's Form 12153, Request for a Collection Due Process Hearing. After additional correspondence, petitioner and the

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the period under consideration, and Rule references are to the Tax Court's Rules of Practice and Procedure, unless otherwise indicated.

Appeals officer engaged in a discussion wherein petitioner sought to contest the underlying tax liability. The Appeals officer advised petitioner that she was not entitled to contest the underlying tax liability because she had received a notice of deficiency for 2002.

Subsequently, petitioner was provided with a letter explaining her collection alternatives, and she thereafter submitted an offer-in-compromise raising doubt as to the underlying tax liability. Respondent mailed petitioner a Notice of Determination Concerning Collection Action Under Section 6330, dated July 12, 2006, advising that he intended to proceed with collection because petitioner was not entitled to contest the underlying tax liability in the context of a collection due process proceeding under section 6320 or 6330.[2]

## Discussion

The only question we consider, in the context of this collection case, is whether petitioner is entitled to challenge the underlying tax liability. Respondent moved for summary judgment, contending that as a matter of law petitioner is not entitled to challenge the underlying 2002 tax liability. Petitioner has challenged only the merits of the underlying tax

---

[2] We note that respondent used the address shown on petitioner's 2002 return on all correspondence and notices sent to petitioner.

liability.  Although she raised one collection alternative, an offer-in-compromise, it was with respect to doubt as to liability, i.e., questioning the underlying tax liability, and not doubt as to collectibility.

Summary judgment is intended to expedite litigation and to avoid unnecessary and expensive trials.  Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  Summary judgment may be granted with respect to a legal issue, if there is "no genuine issue as to any material fact and * * * a decision may be rendered as a matter of law."  Rule 121(a) and (b); Craig v. Commissioner, 119 T.C. 252, 259-260 (2002); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).  There is no disagreement as to any material fact, and therefore this matter is ripe for summary judgment.

Section 6330(c)(2)(A) prescribes the issues that may be raised by a taxpayer before the Appeals Office, including spousal defenses to collection, challenges to the appropriateness of the Commissioner's intended collection action, and offers of alternative means of collection.  Section 6330(c)(2)(B) provides that the Appeals hearing is not a forum for a taxpayer to contest the existence or amount of the underlying tax unless the taxpayer did not receive a notice of deficiency for the tax in question or did not otherwise have an earlier opportunity to dispute the tax liability.

Respondent has adduced sufficient documentation showing that the notice of deficiency for petitioner's 2002 tax year was mailed, by certified mail, to her correct address. Petitioner has not argued or shown that she did not receive or was unaware of the notice of deficiency. Under the circumstances, petitioner is statutorily precluded from challenging the merits of her 2002 tax liability in the context of this collection proceeding.[3]

Respondent's motion for summary judgment will be granted.

To reflect the foregoing,

<u>An appropriate order and decision</u>

<u>will be entered</u>.

---

[3] The Court inquired about whether respondent and petitioner were precluded from considering an offer in compromise or some other remedial approach to resolve petitioner's underlying 2002 tax liability outside of the sections 6320 and 6330 collection proceeding. The Court was advised that no such prohibition existed and that the parties were attempting to resolve this matter.