T.C. Summary Opinion 2009-141


UNITED STATES TAX COURT


KENNETH O. AND ALTHEA C. GARCIA, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 30831-08S.              Filed September 9, 2009.


Kenneth O. Garcia and Althea C. Garcia, pro sese.

<u>Adam C. Silva</u>, for respondent.


LARO, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
when the petition was filed.[1]  Pursuant to section 7463(b), the
decision to be entered is not reviewable by any other court, and

---

[1]Section references are to the applicable versions of the
Internal Revenue Code.  Rule references are to the Tax Court
Rules of Practice and Procedure.

this opinion shall not be treated as precedent for any other case.

Petitioners petitioned the Court under section 6330(d) to review the determination of the Internal Revenue Service Office of Appeals (Appeals) sustaining a proposed levy related to their 2004 Federal income tax. The petition alleges primarily that the proposed levy is improper because Appeals refused to consider any offer-in-compromise by petitioners. This case is currently before the Court on respondent's motion to decide by summary judgment that he is entitled to proceed with collection of petitioners' 2004 Federal income tax liability. We agree with the substance of that motion, and we shall grant it.

Background

Petitioners failed to file a Federal income tax return for 2004. On September 12, 2007, respondent sent to petitioners a notice of deficiency for 2004. The notice of deficiency determined a $16,081 deficiency in petitioners' Federal income tax, a $4,604 addition to tax under section 6651(a)(1), and a $3,216.20 accuracy-related penalty under section 6662(a). Petitioners received the notice of deficiency but did not petition the Court with respect to it. Respondent subsequently assessed the deficiency, addition to tax, and accuracy-related penalty, plus applicable interest.

On or about April 14, 2008, respondent notified petitioners that respondent was proposing a levy to collect their unpaid Federal income tax liability for 2004 and that they could request a hearing with Appeals as to the matter. Petitioners requested the hearing, stating that they desired to enter into an offer in compromise for 2004. Appeals subsequently advised petitioners on August 27, 2008, that it would consider an offer in compromise only if: (1) Petitioners filed their 2006 and 2007 Federal income tax returns so as to be in compliance with their tax return filing requirements, and (2) petitioners completed and timely submitted a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, with appropriate attachments to a named officer of Appeals at her Fresno, California, address listed on the advice. Included with the advice was a copy of Form 433-A.

On October 8, 2008, Appeals notified petitioners that it had set a telephone conference with them for November 5, 2008, and reminded petitioners that the named officer of Appeals still needed to receive the Form 433-A and other previously requested items to consider any request by them for an offer in compromise. Included with that notification was another copy of Form 433-A. On the scheduled date, Appeals conducted the telephone hearing with petitioner Kenneth Garcia (Mr. Garcia). During the hearing, Mr. Garcia informed Appeals that his accountant was supposed to

have rescheduled the hearing for a later date.  Appeals noted it had not received from petitioner either a power of attorney as to the matter or the requested Form 433-A with attachments.  Mr. Garcia asked Appeals for more time to submit the Form 433-A with attachments.  Appeals responded that it had twice previously requested that document from petitioners.

On November 21, 2008, Appeals issued each petitioner a notice of determination sustaining the proposed levy.  The determination stated in part that petitioners had filed the requested tax returns but had failed to submit the requested Form 433-A with attachments to the designated Appeals officer at the listed address.  The determination also stated that petitioners disagreed with their underlying tax liability as shown in respondent's books but were not allowed to dispute that liability at the hearing because they had had a prior opportunity to do so.

When petitioners petitioned the Court in commencement of this case, they resided in California.

<u>Discussion</u>

Summary judgment may be granted with respect to any part of the legal issues in controversy if the records before the Court "show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."  Rule 121(a) and (b); <u>Craig v. Commissioner</u>, 119 T.C. 252, 259-260 (2002).  Respondent bears the burden of proving there is no genuine issue

of material fact, and all facts are interpreted in the light most favorable to petitioners. See Craig v. Commissioner, supra at 260. However, petitioners must do more than merely allege or deny facts; they must set forth "specific facts showing that there is a genuine issue for trial." See Rule 121(d); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Under this standard, petitioners have failed to raise any genuine issue of material fact, and summary judgment is appropriate.

Section 6330 provides for notice and opportunity for a hearing before the Commissioner may levy upon the property of any person. The person may raise at the hearing any relevant issue relating to the unpaid tax or proposed levy, including challenges to the appropriateness of the collection action and offers of collection alternatives. The person may challenge the existence or amount of the underlying tax liability for the year only if the person did not receive a notice of deficiency or did not otherwise have an opportunity to dispute the liability. See sec. 6330(c)(2)(B); Sego v. Commissioner, 114 T.C. 604, 609 (2000). Once Appeals issues a notice of determination, the person may seek judicial review in this Court. See sec. 6330(d)(1). Unless the validity of the underlying tax liability is properly at issue, we review the determination for abuse of discretion. See Sego v. Commissioner, supra at 609-610.

Petitioners indicated in their response to respondent's motion that their underlying tax liability is less than that now sought by respondent.  The validity of their underlying tax liability, however, is not properly at issue because petitioners previously received a notice of deficiency for 2004 and had an opportunity to dispute their tax liability for 2004 at that time.  The mere fact that petitioners' accountant may not have filed with the Court a petition in dispute of the notice of deficiency, as petitioners claim they wanted him to do, is not sufficient for them to prevail on this issue.

Nor do we believe that Appeals abused its discretion when it declined to consider any offer in compromise from petitioners.  Petitioners failed to provide the Form 433-A with attachments to the designated officer of Appeals at the listed address although Appeals twice asked them to do so.  See Olsen v. United States, 414 F.3d 144 (1st Cir. 2005); Huntress v. Commissioner, T.C. Memo. 2009-161; McCall v. Commissioner, T.C. Memo. 2009-75.  Petitioners assert in their response to respondent's motion that they did timely provide Appeals with the requested form.  To that end, petitioners note, their response includes a completed Form 433-F, Collection Information Statement, and a U.S. Postal Service receipt showing that they mailed a letter to the Internal Revenue Service on September 5, 2008.  The letter, however, was mailed not to the named Appeals officer at her listed address in

Fresno, California, but to an Internal Revenue Service Center at a post office box in Holtsville, New York. Moreover, even if we were to presume favorably to petitioners that the letter actually was the Form 433-F included with the response, that form: (1) Is different than the Form 433-A, a copy of which was provided to petitioners by Appeals on two occasions, and (2) lacked any of the referenced attachments.

We sustain the determinations of Appeals that the proposed levy is appropriate. In so doing, we have considered all of petitioners' contentions and have concluded that those contentions not discussed herein are without merit. To reflect the foregoing,

<u>An appropriate order and decision will be entered for respondent</u>.