T.C. Memo. 2019-7

UNITED STATES TAX COURT

STEVEN SAMANIEGO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18890-17L.                    Filed February 6, 2019.

Steven Samaniego, pro se.

<u>Andrea M. Faldermeyer</u> and <u>Katherine Holmes Ankeny</u>, for respondent.

MEMORANDUM OPINION

LAUBER, <u>Judge</u>:  In this collection due process (CDP) case, petitioner

seeks review pursuant to section 6330(d)(1)[1] of the determination by the Internal

_____

[1]All statutory references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.  We round all monetary amounts to the nearest dollar.

**[\*2]** Revenue Service (IRS or respondent) to uphold a notice of intent to levy. The IRS initiated the collection action with respect to petitioner's Federal income tax liabilities for 2012 and 2013. Respondent has moved for summary judgment under Rule 121, contending that there are no disputed issues of material fact and that his determination to sustain the proposed collection action was proper as a matter of law. We agree and accordingly will grant the motion.

Background

The following facts are based on the parties' pleadings and motion papers, including the attached declarations and exhibits. See Rule 121(b). Petitioner, who resided in California when he filed his petition, filed Federal income tax returns for 2012 and 2013 but did not pay the tax shown as due. Nor did he pay the tax after receiving an IRS notice and demand for payment. As of March 2016, his aggregate outstanding liability for those two years was $39,021.

Apart from his 2012-2013 liabilities, petitioner had outstanding tax liabilities for 2007-2010. He had earlier requested an installment agreement for all open years but had submitted an incomplete Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals. The IRS had informed him that the form was incomplete, noting that he lived in a community property State but had neglected to include any financial information relating to his wife.

[*3] The IRS had accordingly rejected that earlier proposed installment agreement.[2]

On March 24, 2016, in an effort to collect petitioner's unpaid liabilities for 2012 and 2013, the IRS issued him a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing. This notice informed petitioner that if he wished to request a CDP hearing he needed to complete and submit within 30 days a Form 12153, Request for a Collection Due Process or Equivalent Hearing.

Petitioner completed the Form 12153 and faxed it to the IRS on April 25, 2016. In his hearing request he checked the box for "Installment Agreement" and stated that he "d[id] not have the ability to pay in full." He did not indicate an intention to challenge his reported liability for either year in question.

After receiving petitioner's case a settlement officer (SO) from the Los Angeles, California, Appeals Office confirmed that the liabilities in question had been properly assessed and that all other requirements of applicable law and administrative procedure had been met. The SO believed that petitioner's hearing

---

[2]His wife's income and assets were relevant because collection of a taxpayer's liability "from the assets and income of * * * [his wife] is permitted under California community property law to the extent such assets and income are community property." Ranuio v. Commissioner, T.C. Memo. 2010-178, 100 T.C.M. (CCH) 123, 129.

**[\*4]** request was untimely and hence that he was not entitled to a CDP hearing. The SO therefore offered him an "equivalent hearing."[3]

On July 29, 2016, the SO sent petitioner a letter acknowledging receipt of his hearing request and scheduling a telephone conference for August 29, 2016. The SO informed petitioner that, if he wished to pursue an installment agreement, he needed to submit a new Form 433-A with supporting financial information covering his wife's income and assets as well as his own. The SO also asked petitioner to submit a copy of his wife's individual income tax return for 2014. The SO requested that petitioner submit all of these documents by August 15, 2016. Petitioner submitted none of these documents and did not otherwise communicate with the SO before the hearing.

The telephone conference was held as scheduled on August 29, 2016. Petitioner stated that he wished to protest the IRS examination for 2007-2009, but the SO explained that the notice of levy covered the 2012-2013 tax years only. The SO expressed willingness to consider a collection alternative for 2012 and 2013

---

[3]An equivalent hearing resembles a CDP hearing in that it is held with the IRS Appeals Office, the SO considers the same issues that would have been considered at a CDP hearing, and the SO generally follows the same procedures. See Craig v. Commissioner, 119 T.C. 252, 258 (2002). The chief difference is that the SO's decision following an equivalent hearing is embodied in a "decision letter" as opposed to a "notice of determination." Ibid.

**[\*5]** but reminded petitioner that he needed to submit the requested financial information, plus evidence that his wife had filed income tax returns for 2014 and other years.

The SO agreed to extend to September 12, 2016, the deadline for submission of these documents and supporting financial information. Eleven months later, having received none of the requested information, the SO decided to close the case. The SO noted that petitioner had not filed an individual income tax return for 2015 and that his wife had not filed returns for 2013-2015.

On August 3, 2017, the IRS issued petitioner a decision letter sustaining the levy, and he timely petitioned this Court for review. In his petition he alleged no error by the IRS, other than in concluding that his CDP hearing request was untimely. On August 16, 2018, respondent filed a motion for summary judgment, to which we directed petitioner to respond. He filed no response.[4]

---

[4]Our order directing petitioner to respond was returned to the Court by the U.S. Postal Service as "addressee unknown" and "unable to forward." Rule 21(b)(4) of this Court's Rules requires that the Court "shall be promptly notified" by any party of a change of address. A form for that purpose appears in an appendix to the Rules. See Form 10, Notice of Change of Address.

[*6]                              Discussion

A.    Jurisdiction

A decision letter ordinarily does not constitute a "determination" within the meaning of section 6330(d), and we normally lack jurisdiction to consider a taxpayer's challenge to the outcome of an equivalent hearing.  See Kennedy v. Commissioner, 116 T.C. 255, 263 (2001).  However, if the taxpayer has made a timely request for a CDP hearing, and if the Appeals Office incorrectly offers the taxpayer an equivalent hearing instead, we have jurisdiction to consider a timely request for review.  Craig v. Commissioner, 119 T.C. 252, 259 (2002).  In such circumstances, we treat "the 'decision' reflected in the decision letter * * * [as] a 'determination' for purposes of section 6330(d)(1)."  Ibid.

The IRS issued the Letter 1058 on March 24, 2016.  Petitioner was required to submit his request for a CDP hearing within 30 days.  See sec. 6330(a)(3)(B); sec. 301.6330-1(b)(1), Proced. & Admin. Regs.  Because April 23, the 30th day after the date on the notice, was a Saturday, the period for submitting the hearing request was extended to the following Monday, April 25.  See sec. 7503.  Petitioner's request, which was received by the Appeals Office on April 25, was therefore timely.  We conclude that the collection action reflected in the decision letter

**[\*7]** is a "determination" for purposes of section 6330(d) and that we have jurisdiction to adjudicate this case.  See Craig, 119 T.C. at 259.

B.    Summary Judgment Standard

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials.  Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  Under Rule 121(b), we may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law.  Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994).  In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party.  Ibid.  However, the nonmoving party may not rest upon the mere allegations or denials in his pleadings but instead must set forth specific facts showing that there is a genuine dispute for trial.  Rule 121(d); see Sundstrand Corp., 98 T.C. at 520.

Because petitioner did not respond to the motion for summary judgment, the Court could enter a decision against him for that reason alone.  See Rule 121(d). We will nevertheless consider the motion on its merits.  We conclude that there are no material facts in dispute and that this case is appropriate for summary adjudication.

**[*8]** C.     Standard of Review

Where the validity of the taxpayer's underlying tax liability is properly at issue, we review the IRS' determination de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Where (as here) the taxpayer's underlying liability is not before us, we review the IRS determination for abuse of discretion only. See Thompson v. Commissioner, 140 T.C. 173, 178 (2013) ("A taxpayer is precluded from disputing the underlying liability if it was not properly raised in the CDP hearing."); sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs. Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law. See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

D.     Analysis

In deciding whether the SO abused his discretion in sustaining the proposed levy we consider whether he: (1) properly verified that the requirements of applicable law or administrative procedure have been met, (2) considered any relevant issues petitioner raised, and (3) considered "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of * * * [petitioner] that any collection action be no more intrusive than

**[*9]** necessary." Sec. 6330(c)(3). Our review of the record establishes that the SO properly discharged all of his responsibilities under section 6330(c).

Taxpayers may raise at a CDP hearing relevant issues relating to the collection action and are entitled to make offers of collection alternatives. See sec. 6330(c)(2). This right, however, carries with it certain obligations on the taxpayer's part. As provided in the regulations, "[t]axpayers will be expected to provide all relevant information requested by * * * [the Appeals officer], including financial statements, for * * * [his] consideration of the facts and issues involved in the hearing." Sec. 301.6330-1(e)(1), Proced. & Admin. Regs.

In his hearing request petitioner indicated his desire for a collection alternative, specifically an installment agreement. Section 6159 authorizes the Commissioner to enter into an installment agreement if he determines that it will facilitate full or partial collection of a taxpayer's unpaid liability. See Thompson, 140 T.C. at 179. Subject to exceptions not relevant here, the decision to accept or reject an installment agreement lies within the Commissioner's discretion. See Rebuck v. Commissioner, T.C. Memo. 2016-3; Kuretski v. Commissioner, T.C. Memo. 2012-262, aff'd, 755 F.3d 929 (D.C. Cir. 2014); sec. 301.6159-1(a), (c)(1)(i), Proced. & Admin. Regs. In reviewing the SO's determination, we do not independently evaluate what would be an acceptable collection alternative.

[*10] Thompson, 140 T.C. at 179; Lipson v. Commissioner, T.C. Memo. 2012-252, 104 T.C.M. (CCH) 262, 264. Rather, our review is limited to determining whether the SO abused his discretion; that is, whether his decision to reject the taxpayers' proposal was arbitrary, capricious, or without sound basis in fact or law. Thompson, 140 T.C. at 179; Murphy, 125 T.C. at 320.

Although petitioner indicated a desire to enter into an installment agreement, he did not provide the SO with any financial or other information that would justify granting his request. The SO gave petitioner more than enough time to submit the required documentation before closing the case. We have consistently held that it is not an abuse of discretion for an Appeals officer to reject collection alternatives and sustain collection action where the taxpayer has failed, after being given sufficient opportunities, to supply the required forms and information. See Huntress v. Commissioner, T.C. Memo. 2009-161, 98 T.C.M. (CCH) 8, 10-11; Prater v. Commissioner, T.C. Memo. 2007-241, 94 T.C.M. (CCH) 209, 210; Roman v. Commissioner, T.C. Memo. 2004-20, 87 T.C.M. (CCH) 835, 838.

In any event, IRS records show that petitioner was not current in his tax filing obligation for the year 2015. The SO could properly have rejected any collection alternative on this ground alone. See Cox v. Commissioner, 126 T.C. 237, 257-258 (2006), rev'd on other grounds, 514 F.3d 1119 (10th Cir. 2008); Hull v.

[*11] Commissioner, T.C. Memo. 2015-86, 109 T.C.M. (CCH) 1438, 1441.

Finding no abuse of discretion in any respect, we will grant summary judgment for respondent and sustain the proposed collection action.

To implement the foregoing,

An appropriate order and decision will be entered for respondent.