T.C. Memo. 2020-72

UNITED STATES TAX COURT

RONALD C. NIMMO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7441-19L.                    Filed June 1, 2020.

Ronald C. Nimmo, pro se.

<u>Rachel L. Rollins</u> and <u>Jeffrey E. Gold</u>, for respondent.

MEMORANDUM OPINION

LAUBER, <u>Judge</u>:  In this collection due process (CDP) case petitioner seeks

review pursuant to sections 6320(c) and 6330(d)(1) of determinations by the Inter-

nal Revenue Service (IRS or respondent) to sustain collection actions for his 2014-

[*2] 2017 taxable years.[1]  Respondent has moved for summary judgment under Rule 121, contending that there are no disputed issues of material fact and that his determinations to sustain the collection actions were proper as a matter of law. We agree and accordingly will grant the motion.

Background

The following facts are based on the parties' pleadings and motion papers, including the attached declarations and exhibits.  Petitioner resided in the U.S. Virgin Islands when he filed his petition.

Petitioner filed timely Federal income tax returns for 2014-2017 reporting self-employment income.  For each year he failed to pay the tax shown as due on his return.  The IRS assessed the tax shown as due and additions to tax for failure to pay.  As of August 2018 petitioner's outstanding liabilities for these years (including interest) exceeded $15,000.

In an effort to collect these unpaid liabilities the IRS proceeded with two collection actions.  On August 1, 2018, it sent him a Notice of Intent to Levy and Notice of Your Rights to a Hearing (levy notice) covering tax years 2014-2016.

---

[1]All statutory references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.  We round all monetary amounts to the nearest dollar.

**[*3]** On September 6, 2018, it sent him a Notice of Federal Tax Lien Filing and Your Right to a Hearing (lien notice) for tax years 2014-2017.

In response to these notices petitioner timely submitted separate Forms 12153, Request for a Collection Due Process or Equivalent Hearing. On both forms he checked the box indicating that he was interested in an installment agreement (IA). On neither form did he indicate an intention to challenge his underlying tax liability for any period.[2]

On September 7, 2018, petitioner's hearing request regarding the levy notice was assigned to a settlement officer (SO) in the IRS Appeals Office in Miami, Florida. The SO reviewed the administrative file and confirmed that the tax liability in question had been properly assessed and that all other requirements of applicable law and administrative procedure had been met. The SO noted that petitioner was not current on his estimated tax payments.

On September 18, 2018, the SO sent petitioner a letter scheduling a telephone conference for November 2, 2018. The letter informed petitioner that, in order for the SO to consider an IA or other collection alternative, petitioner needed to provide proof that he had made estimated tax payments for 2018 and to submit

---

[2]On one form he checked the box for "Innocent Spouse Relief." Petitioner does not appear to have filed a joint return for any year at issue.

[*4] Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, along with supporting financial information. The SO asked petitioner to submit these documents before the conference, but he did not do so.

Petitioner did not call the SO for the scheduled conference or otherwise contact her. On November 2, 2018, the SO sent him a "last chance" letter. She noted that he had missed the conference and invited him to send her, within 14 days, any information that he wished her to consider.

Petitioner's hearing request regarding the lien notice, which covered 2017 as well as 2014-2016, was assigned to the same SO around the same time. After reviewing the administrative file, she confirmed that petitioner's 2017 tax liability had been properly assessed and that all other requirements of applicable law and administrative procedure had been met. She noted that petitioner was still not current on his 2018 estimated tax obligations and that he had not filed a return for 2013.

On November 8, 2018, the SO sent petitioner a letter scheduling a telephone conference for the lien notice. This letter reminded him of the need to submit proof that he had made estimated tax payments for 2018 and to supply a fully completed Form 433-A with supporting financial information. The SO also requested that petitioner submit a signed tax return for 2013.

**[*5]**   On November 29, 2018, petitioner called the SO, and that call served as the telephone conference for the lien notice.  Petitioner expressed his desire to enter into an IA.  The SO reviewed with him the documents he needed to submit in order to be eligible for an IA.  She advised him that, if she did not receive the documentation by the first week of January, she would close the case.

Because of a lapse in Government funding, the SO was furloughed from December 22, 2018, until January 25, 2019.  Upon returning to work she found a letter from petitioner dated December 28, 2018.  This letter explained that he had been experiencing financial difficulty during the previous two years following a hurricane that struck the U.S. Virgin Islands.  He stated that he was close to completing a Form 433-A and that the SO should expect to receive that form and an estimated tax payment within 48 hours.

That December 28, 2018, letter was the last communication the SO received from petitioner.  On March 25, 2019, having received no Form 433-A, no proof of 2018 estimated tax payments, and no proof that petitioner had filed a return for 2013, the SO decided to close the case.  On April 8, 2019, the IRS issued separate notices of determination sustaining the proposed levy and the lien filing.

Petitioner timely petitioned this Court for review.  In his petition he asserted that he had "proposed an alternative method of paying * * * [his] tax liability" and

**[*6]** had "submitted Form 433-A for an installment agreement." On February 12, 2020, respondent filed a motion for summary judgment, to which we directed petitioner to respond. He filed no response.

## Discussion

A.     Summary Judgment Standard and Standard of Review

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Under Rule 121(b) we may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party. Ibid. However, the nonmoving party may not rest upon the mere allegations or denials in his pleadings, but must set forth specific facts, by affidavit or otherwise, showing that there is a genuine dispute for trial. Rule 121(d); see Sundstrand Corp., 98 T.C. at 520.

Because petitioner did not respond to the motion for summary judgment, we could enter a decision against him for that reason alone. See Rule 121(d). We will nevertheless consider the motion on its merits. We conclude that there are

**[\*7]** no material facts in genuine dispute and that this case is appropriate for summary adjudication.[3]

Section 6330(d)(1) does not prescribe the standard of review that this Court should apply in reviewing an IRS administrative determination in a CDP case. The general parameters for such review are marked out by our precedents. Where (as here) there is no dispute as to the taxpayer's underlying tax liability,[4] we review the IRS decision for abuse of discretion. Goza v. Commissioner, 114 T.C. 176, 182 (2000). Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law. See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

---

[3]Petitioner asserted in his petition that he had submitted a Form 433-A to the SO. This assertion is contradicted by the SO's sworn declaration, in which she avers that petitioner "did not send any of the required financial information." The SO's contemporaneous case activity record similarly states that, when she decided to close the case on March 25, 2019, "[n]o documentation [had been] received." A party may not defeat summary judgment by relying on the bare allegations of his pleadings. See Rule 121(d).

[4]Petitioner did not dispute his underlying tax liabilities for 2014-2017 during the CDP hearing, although he was entitled to do so. See sec. 6330(c)(2)(B); Montgomery v. Commissioner, 122 T.C. 1, 8-9 (2004). A taxpayer must properly present an underlying liability challenge at the CDP hearing in order to preserve that challenge for judicial review. See Giamelli v. Commissioner, 129 T.C. 107, 113 (2007); secs. 301.6320-1(f)(2), Q&A-F3, 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.

[*8] B.        Abuse of Discretion

In deciding whether the SO abused her discretion in sustaining the collection actions, we consider whether she:  (1) properly verified that the requirements of applicable law or administrative procedure have been met, (2) considered any relevant issues petitioner raised, and (3) considered "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of * * * [petitioner] that any collection action be no more intrusive than necessary."  Sec. 6330(c)(3).  Our review of the record establishes that the SO properly discharged all of her responsibilities under section 6330(c).

A taxpayer at a CDP hearing may propose a collection alternative, such as an offer-in-compromise or an IA.  But petitioner made no concrete proposal, and the SO was not obligated to make one for him.  See Gentile v. Commissioner, T.C. Memo. 2013-175, 106 T.C.M. (CCH) 75, 77, aff'd, 592 F. App'x 824 (11th Cir. 2014); Veneziano v. Commissioner, T.C. Memo. 2011-160, 102 T.C.M. (CCH) 22, 24.  The SO gave petitioner numerous opportunities, during two separate CDP hearings, to submit the financial information that would enable her to evaluate his ability to pay and his eligibility for a collection alternative.  Petitioner promised but failed to submit this information.  An SO is not required to wait indefinitely for the taxpayer to submit requested documents.  See, e.g., McMurtry v. Commis-

[*9] sioner, T.C. Memo. 2019-22; Samaniego v. Commissioner, T.C. Memo. 2019-7.  The SO waited two months after the deadline she had set, and she did not abuse her discretion in closing the case at that point.

Finally, we have consistently held that an SO does not abuse her discretion when she declines to consider collection alternatives for a taxpayer who has failed to file all required returns and to make required estimated tax payments.  See Giamelli v. Commissioner, 129 T.C. 107, 111-112 (2007); Starkman v. Commissioner, T.C. Memo. 2012-236.  "Compliance with filing * * * [and] paying estimated taxes * * * must be current from the date the installment agreement begins." Internal Revenue Manual pt. 5.14.1.4.2(19) (July 16, 2018).  The requirement of current compliance as a condition of executing an IA "ensures that current taxes are paid and avoids 'the risk of pyramiding tax liability.'"  Hull v. Commissioner, T.C. Memo. 2015-86, 109 T.C.M. (CCH) 1438, 1441 (quoting Schwartz v. Commissioner, T.C. Memo. 2007-155, slip op. at 8); see Orum v. Commissioner, 412 F.3d 819, 821 (7th Cir. 2005), aff'g 123 T.C. 1 (2004).

Finding no abuse of discretion in any respect, we will grant summary judgment for respondent and sustain the collection actions.  We note that petitioner is free to submit to the IRS at any time, for its consideration and possible acceptance,

**[*10]** a collection alternative in the form of an IA or offer-in-compromise, supported by the necessary financial information.

To reflect the foregoing,

<u>An appropriate order and decision will be entered for respondent</u>.