T.C. Summary Opinion 2009-51

UNITED STATES TAX COURT

JOHN HERBERT SCHOPPE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5966-07S.                    Filed April 13, 2009.

John Herbert Schoppe, pro se.

Inga C. Plucinski, for respondent.


GERBER, Judge:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
when the petition was filed.[1]  Pursuant to section
7463(b), the decision to be entered is not reviewable by any

_____

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code as amended, and all Rule references are
to the Tax Court Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent filed a motion for summary judgment with respect to petitioner's appeal of respondent's section 6330 determination to proceed to collect petitioner's outstanding 2001 income tax liability by means of levy. Petitioner objected to respondent's motion, and a hearing was held in Salt Lake City, Utah, on February 9, 2009. For the reasons expressed in this opinion, respondent's motion will be granted.

## Background

Petitioner resided in Utah at the time his petition was filed. Petitioner did not file a Federal income tax return for tax year 2001, and he had an established pattern of failing to file returns. Petitioner contends that he did not file because he had personal family difficulties and/or because he did not have the financial ability to pay the tax. Petitioner also contends that he has few or no assets.

During March 2004 respondent sent petitioner a statutory notice determining an income tax deficiency based on third-party reporting of income paid to petitioner. Petitioner received the notice of deficiency and chose not to file a petition with this Court. Accordingly, respondent assessed the income tax deficiency against petitioner.

On May 11, 2005, respondent notified petitioner of the intent to collect petitioner's outstanding 2001 income tax liability by means of levy and of petitioner's right to appeal. Petitioner sought and was granted a hearing. During the hearing respondent's representative met the requirements of section 6330, and petitioner asked for the collection alternative of an offer-in-compromise. Respondent's representative explained to petitioner that an offer-in-compromise could not be processed until petitioner filed delinquent returns for the intervening tax periods, including 2001. Petitioner indicated that he could not file because of a lack of time and money to prepare the delinquent returns.

On February 7, 2007, respondent notified petitioner that the determination to proceed with collection was sustained. On March 5, 2007, petitioner's petition was filed. After the pleadings were completed, respondent, on September 5, 2008, filed a motion for summary judgment. Petitioner's opposition to the motion was filed October 9, 2008.

At this Court's February 9, 2009, hearing on respondent's motion for summary judgment, petitioner produced a proposed return for his 2001 tax year, which by petitioner's computation would not have resulted in any tax liability for the 2001 tax year. At the time of the hearing petitioner still had delinquent unfiled returns for other tax periods.

## Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. <u>Fla. Peach Corp. v. Commissioner</u>, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to a legal issue if there is "no genuine issue as to any material fact and * * * a decision may be rendered as a matter of law." Rule 121(a) and (b); <u>Craig v. Commissioner</u>, 119 T.C. 252, 259-260 (2002); <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). This controversy may be resolved by summary judgment as there is no genuine issue as to a material fact.[2]

Petitioner may not question the underlying tax liability because he had and did not take advantage of the opportunity to do so upon his receipt of the notice of deficiency for 2001. Accordingly, we review the determination to proceed with collection on an abuse of discretion standard. <u>Goza v. Commissioner</u>, 114 T.C. 176 (2000).

In accord with section 6330(c)(3), the Appeals officer verified that the requirements of applicable law and administrative procedure had been met and took into consideration issues raised by petitioner and whether the collection action balanced the need for the efficient collection of tax with the

---

[2]There is no dispute concerning the question of the burden or proof or production. See sec. 7491.

concern that the collection action not be any more intrusive than necessary.  We find nothing in the record or pleadings of this case that would show that respondent's determination to proceed with collection was an abuse of discretion.

Accordingly, respondent's motion for summary judgment will be granted and to reflect the foregoing,

<u>An appropriate order and</u>

<u>decision will be entered</u>.