T.C. Memo. 2009-301

UNITED STATES TAX COURT

WILLIAM RAY CESSNA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 30707-08L.             Filed December 22, 2009.

William Ray Cessna, pro se.

<u>Jeremy L. McPherson</u>, for respondent.

MEMORANDUM OPINION

GERBER, <u>Judge</u>:  Respondent moved for summary judgment in this section 6320[1] collection proceeding involving the filing of a notice of Federal tax lien (NFTL).  Petitioner objected,

_____

[1]All section references are to the Internal Revenue Code in effect for the period under consideration.  Rule references are to the this Court's Rules of Practice and Procedure.

alleging, among other things, that the assessment period had expired at the time of the issuance of the notice of deficiency and that this matter was not ripe for summary judgment because there was a dispute about material facts. The issues we consider are: (1) Whether this matter is ripe for summary judgment; (2) whether petitioner may contest the underlying 1999 tax liability; (3) whether the period for assessment had expired at the time of the issuance of the notice of deficiency; and (4) whether respondent may proceed with collection.

## Background

During 1993 petitioner's wife Janice R. Cessna (deceased on July 15, 2005) won the California State lottery under which she was entitled to 20 annual payments. On February 18, 1999, petitioner and his wife entered into a lottery prize assignment agreement, which was approved by the California superior court on March 24, 1999. Under the agreement Woodburn Sterling Capital, LLC (Woodburn), was to pay petitioner and his wife $1,161,500 in exchange for their assignment to Woodburn of their rights to eight annual lottery payments.

On their 1999 joint Form 1040, U.S. Individual Income Tax Return, filed October 24, 2000, petitioner and his wife reported the $1,161,500 payment from Woodburn as long-term capital gain. The address shown on petitioner and his wife's 1999 return was P.O. Box 39, McArthur, California 96056. In a notice of

deficiency issued and mailed on August 30, 2002, to petitioner and his wife at that address, respondent determined that the $1,161,500 was ordinary income and that petitioner and his wife, therefore, had a $234,540 income tax deficiency for 1999. On November 25, 2002, petitioner and his wife petitioned this Court in docket No. 18327-02.

On June 28, 2005, respondent's and petitioner and his wife's executed stipulation to be bound was filed. In that stipulation, the parties agreed to be bound by the outcome of two test cases. In addition, petitioner and his wife agreed to the assessment of the income tax deficiency after the issuance of an opinion unfavorable to petitioner and his wife and before any appeal of this Court's opinion in the test cases. On November 7, 2006, this Court issued, in the test cases, an opinion favorable to respondent. See Womack v. Commissioner, T.C. Memo. 2006-240. The decision was appealed and was affirmed by the Court of Appeals for the Eleventh Circuit. See Womack v. Commissioner, 510 F.3d 1295 (11th Cir. 2007). On August 7, 2007, respondent, in accord with the agreement to be bound, assessed a $234,540 income tax deficiency against petitioner and his wife. With respect to petitioner and his wife's deficiency proceeding at docket No. 18327-02, no decision had been entered by this Court. Respondent moved for entry of decision, and this Court entered a decision on July 29, 2009.

On September 19, 2007, respondent issued an NFTL for the 1999 tax year and on September 27, 2007, respondent sent petitioner and his wife a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320. In response, on November 7, 2007, petitioner submitted a Form 12153, Request for a Collection Due Process or Equivalent Hearing. On that form, petitioner requested a hearing with respect to the lien filing. He also checked the box which indicated that his spouse was alone responsible for the tax liability (innocent spouse relief), but he did not attach a Form 8857, Request for Innocent Spouse Relief, as required on the Form 12153. Petitioner did not suggest any collection alternatives, such as an offer-in-compromise. Finally, petitioner contended that the NFTL was "in violation of I.R.C. 6501"; i.e., that the period for assessment had expired before respondent assessed the 1999 deficiency. In correspondence exchanged during the administrative hearing process, petitioner asked that any documents be sent to him at "P.O. Box 39, McArthur, CA 96056-0039." In all of his correspondence with respondent's personnel, petitioner raised only the section 6501 issue, and he specifically indicated in a letter dated August 27, 2008, that he did not wish to pursue collection alternatives.

In a September 23, 2008, letter, respondent's settlement officer advised petitioner that he was not entitled to challenge

the underlying tax liability because he had received a notice of deficiency and pursued the opportunity to contest it in the Tax Court. The settlement officer also explained that the period for assessment had automatically been extended under section 6503 during the pendency of the deficiency proceeding in the Tax Court. Along with that same letter, petitioner was provided a Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, reflecting all account activity for petitioner's 1999 tax year.

In response to the September 23, 2008, letter, petitioner, in an October 11, 2008, letter, alleged that "No Notice of Deficiency was ever sent to Mr. Cessna." He also reiterated his claim that the assessment period had expired before assessment. Although petitioner had requested a face-to-face meeting with the settlement officer, a telephone conference was held on September 18, 2008, during which the focus of the conversation was the notice of deficiency and petitioner's claim that the assessment was untimely.

Ultimately, on November 22, 2008, respondent issued a notice of determination sustaining the collection activity of the filing of an NFTL with respect to petitioner's 1999 tax liability. Petitioner appealed respondent's determination to this Court. In his petition, he alleged that the period for assessment had expired under section 6501 because the notice of deficiency was

sent to his former accountant and not to petitioner or his wife. On the basis of the alleged failure to send a notice of deficiency to petitioner or his wife, petitioner contends that the administrative process for his collection case was flawed and that the period for assessment had expired before the date of assessment. Petitioner did not allege entitlement to a collection alternative or to any other relief such as under section 6015 (innocent spouse).

Respondent filed a motion for summary judgment contending essentially that petitioner is not entitled to question the underlying merits of his 1999 tax liability; the period for assessment had not expired before the assessment of the 1999 deficiency; petitioner has not requested any relief upon which respondent could act; and the settlement officer had complied with all administrative requirements.

Petitioner opposed the granting of summary judgment, contending essentially that there is a genuine issue of material fact; respondent's personnel did not comply with administrative requirements; and the 1999 assessment was made beyond the 3-year period.

## Discussion

### Summary Judgment

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v.

<u>Commissioner</u>, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to a legal issue, if there is "no genuine issue as to any material fact and * * * a decision may be rendered as a matter of law." Rule 121(a) and (b); <u>Craig v. Commissioner</u>, 119 T.C. 252, 259-260 (2002); <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).

Petitioner contends that the stipulation to be bound by the outcome of the test cases (entered into in the deficiency case) does not limit petitioner's right or opportunity to have a hearing under section 6320 and does not limit petitioner's right to question whether the period for assessment had expired when respondent assessed the 1999 tax liability. As to that contention, petitioner has mistaken a legal question for a question of fact. The stipulation to be bound is included in the materials before the parties and the Court and there is no ambiguity in its content. Petitioner's rights to a hearing and to question the assessment period are governed by applicable law.

Petitioner contends that the 1999 notice of deficiency was not sent to him and his wife but instead was sent to his accountant. It is upon that basis that petitioner argues that the period for assessment had expired. This question can be addressed by reference to the documents presented to the Court. Petitioner and respondent presented the same documents addressing

the question of the notice of deficiency and its mailing.  Both parties interpret those documents the same way.  Accordingly, there is no genuine issue of material fact that additional evidence would resolve.  Under those circumstances, the facts of the controversy between the parties are established and this matter is ripe for summary judgment.

Period for Assessment

Section 6501(a) provides the general rule that the Commissioner must assess within 3 years after the return was filed.  Petitioner and his wife's 1999 joint return was filed October 24, 2000.  The 1999 income tax deficiency was assessed on September 27, 2007, more than 3 years from the filing of the return.  Within the 3-year period, on August 30, 2002, respondent mailed a notice of deficiency to petitioner and his wife, and on November 25, 2002, they filed a petition with this Court.  Section 6503(a) provides that the period for assessment shall be suspended for the period the Secretary is prohibited from making the assessment or, among other reasons, until the decision of the Tax Court becomes final and for 60 days thereafter.  As previously noted, a decision was entered in the deficiency case (docket. No. 18327-20) on July 29, 2009.

Because respondent issued a notice of deficiency and petitioner filed a petition with this Court before the expiration of the normal 3-year period for assessment, the period was

suspended. At the time of the assessment during 2007, this Court's decision had not become final, and accordingly, the period remained suspended and the assessment was timely.

Petitioner also contends that he did not receive a notice of deficiency.[2] Assuming arguendo that petitioner did not receive the notice of deficiency, that fact is rendered irrelevant because a petition was timely filed and petitioner had the opportunity to contest respondent's determination. For purposes of the suspension of the assessment period, it would suffice that respondent mailed a notice to petitioner and/or that a proceeding was commenced. Receipt of the notice is not required to stay or suspend the assessment period.

Whether Petitioner May Contest the Underlying Liability

We agree with respondent that petitioner is precluded from contesting the underlying deficiency. That is so because petitioner already had the opportunity to contest the underlying income tax deficiency in this Court. See sec. 6330(c)(2)(B).

---

[2]Petitioner alleges that the notice was sent to his former accountant instead of him. Documentation clearly reflects that a notice of deficiency was timely mailed to petitioner at the address shown on his tax return, which is the same address that petitioner used in the administrative proceeding that preceded this case. It is possible that a copy or duplicate of the notice was also sent to petitioner's representative, but that fact does not, in these circumstances, change the outcome.

The Administrative Proceeding

Petitioner has questioned the administrative proceeding to the extent that he did not have a face-to-face hearing; and he has also made the blanket allegation that respondent's settlement officer did not comply with the statutory requirements.

If the taxpayer requests a section 6330 hearing, an officer in the IRS' Appeals Office with no prior involvement in the case is to conduct the hearing. Sec. 6330(b)(1), (3). At the hearing the officer is to verify that the requirements of any applicable law or administrative procedure have been met. Sec. 6330(c)(1). The taxpayer may raise any issue relevant to the collection action. Sec. 6330(c)(2)(A). The taxpayer may also challenge the existence or amount of the underlying tax liability if he did not receive a statutory notice of deficiency or did not otherwise have an opportunity to dispute that liability. Sec. 6330(c)(2)(B); Montgomery v. Commissioner, 122 T.C. 1 (2004).

Petitioner received a notice of deficiency and proceeded to this Court. The underlying liability which is the subject of the collection action is the one adjudicated in this Court. Accordingly, petitioner was not entitled to question the underlying liability, and we review respondent's actions under an abuse of discretion standard. See Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

After the hearing the officer must determine whether and how to proceed with collection and shall consider: (1) The administrative and procedural verification; (2) relevant issues raised by the taxpayer; (3) where permitted, challenges to the underlying tax liability; and (4) whether any proposed collection action properly balances the need for efficient collection of taxes with the taxpayer's legitimate concern that the collection action be no more intrusive than necessary. Sec. 6330(c)(3).

There was substantial correspondence between petitioner and respondent's personnel. In that correspondence and in petitioner's request for a hearing he mainly raised the question of whether the period for assessment had expired before respondent assessed the 1999 deficiency. Respondent's personnel explained in a similar manner as we have in this opinion that the assessment period remained open at the time of the assessment. Petitioner did check the box indicating that he was seeking innocent spouse relief, but he did not follow up on that request or even mention it in any correspondence or during the telephone conference afforded to him. He did not raise or further pursue that issue during the administrative proceeding or with this Court.

The record reveals that respondent's settlement officer did comply with the requirements of section 6330(c)(3). Petitioner

did not request collection alternatives, nor did he indicate the
he had any documentation other than what he proffered with his
correspondence and his filings with this Court.  Petitioner
agreed to and participated in a telephone hearing.  The absence
of a face-to-face hearing was of no significance in this setting.
In sum the settlement officer addressed each and every argument
raised and pursued by petitioner.  Under these circumstances,
there was no abuse of discretion and respondent is entitled to
proceed with collection.

    To reflect the foregoing,

                                    An appropriate order and
                            decision will be entered.