T.C. Memo. 2011-170

UNITED STATES TAX COURT

JEFFREY S. AND NICOLE JUNGSTAND KURTZ, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10234-10L.            Filed July 13, 2011.

<u>Jeremy Bell</u>, for petitioners.

<u>Michael T. Shelton</u>, for respondent.

MEMORANDUM OPINION

LARO, <u>Judge</u>:  Petitioners, while residing in Illinois,
petitioned the Court under section 6330(d) to review a
determination of respondent's Office of Appeals (Appeals)
sustaining a proposed levy upon petitioners' property.[1]

--------

[1]Section references are to the Internal Revenue Code, and
(continued...)

Respondent proposed the levy to collect a $24,624 deficiency in petitioners' 2006 Federal income tax, a $2,603 addition to tax under section 6651(a)(1), and a $4,925 accuracy-related penalty under section 6662(a).  Respondent has filed with the Court a motion for summary judgment under Rule 121.  Although ordered to do so, petitioners did not file a response to respondent's motion.  We shall grant respondent's motion.

## Background

Respondent selected petitioner Jeffrey S. Kurtz's (Mr. Kurtz) 2005 Federal income tax return for audit.  As a result of that audit, respondent issued to Mr. Kurtz a notice of deficiency dated August 7, 2008 (first notice of deficiency).  In the first notice of deficiency, respondent determined a $20,532 deficiency in Mr. Kurtz's 2005 Federal income tax, a $4,106 addition to tax under section 6651(a)(1), and a $4,106 accuracy-related penalty under section 6662.

Respondent also selected petitioners' 2006 and 2007 Federal income tax returns for audit.  As a result of that audit, respondent issued to petitioners a second notice of deficiency dated August 7, 2008 (second notice of deficiency).  In the second notice of deficiency, respondent determined deficiencies of $24,624 and $18,956 in petitioners' 2006 and 2007 Federal

[1](...continued)
Rule references are to the Tax Court Rules of Practice and Procedure.  Some dollar amounts are rounded.

income taxes, respectively, accuracy-related penalties under section 6662(a) of $4,925 and $3,791, respectively, and a $2,603 addition to tax under section 6651(a)(1) related to petitioners' 2006 Federal income tax return.

By letter dated March 15, 2009, petitioners' representative acknowledged receipt of the first and second notices of deficiency. Mr. Kurtz did not petition the Court to challenge respondent's determinations in the first notice of deficiency. Nor did petitioners petition the Court to challenge respondent's determinations in the second notice of deficiency. Respondent assessed the liabilities determined in the first and second notices of deficiency in due course.

On April 9, 2009, respondent sent to Mr. Kurtz a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing (final levy notice), with respect to (1) his 2005 Federal income tax liability, and (2) petitioners' 2006 and 2007 Federal income tax liabilities. The final levy notice informed Mr. Kurtz that respondent intended to levy upon his property to collect unpaid tax liabilities for 2005, 2006, and 2007. The final levy notice also advised Mr. Kurtz that he was entitled to a hearing with Appeals to review the propriety of the proposed levy.

In response to the final levy notice petitioners sent to respondent Form 12153, Request for a Collection Due Process or

Equivalent Hearing, for the 2005, 2006, and 2007 Federal income tax liabilities. On that Form 12153 petitioners aggregated Mr. Kurtz's 2005 Federal income tax liability with petitioners' 2006 and 2007 Federal income tax liabilities. Petitioners asserted that the proposed levy was inappropriate because respondent's auditor did not evaluate the documentation which they had submitted in connection with the audit of their 2005, 2006, and 2007 Federal income tax returns. Petitioners did not request an installment agreement or an offer-in-compromise on that Form 12153.

On March 19, 2010, a settlement officer in Appeals held a face-to-face collection due process (CDP) hearing with petitioners' representative. The settlement officer determined that petitioners had been provided with several opportunities to dispute their 2005, 2006, and 2007 Federal income tax liabilities but were unable to convince respondent's auditor that they were not liable for those taxes. Following the CDP hearing Appeals issued to petitioners three separate notices of determination, one for each of the years 2005, 2006, and 2007. By notice of determination dated April 6, 2010 (notice), Appeals sustained the proposed collection action for 2006.[2]

---

[2]Appeals sustained the proposed collection action for petitioners' 2005 and 2007 Federal income tax liabilities by separate notices of determination dated Apr. 6 and 13, 2010, respectively.

The notice stated that Appeals had verified or received verification that the requirements of applicable law and administrative procedure for the proposed levy had been met. That notice stated that collection alternatives were discussed but none was initiated. That notice determined that petitioners had been given several prior opportunities to dispute their 2006 Federal income tax liability but failed to do so. Finally, the notice balanced the proposed collection action with the concern that such action be no more intrusive than necessary. In response to the notice petitioners petitioned the Court on May 4, 2011.[3]

## Discussion

We decide whether to grant respondent's motion for summary judgment in this collection review proceeding.[4] Summary judgment may be granted with respect to any part of the legal issue in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials * * * show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(a)

[3]Mr. Kurtz also petitioned the Court in response to the notice of determination for 2005, and petitioners petitioned the Court in response to the notice of determination for 2007.

[4]Respondent has filed a separate motion for summary judgment with respect to each petition filed in response to the 2005, 2006, and 2007 collection actions. We address these motions in separate Memorandum Opinions because these cases were not consolidated.

and (b); <u>Craig v. Commissioner</u>, 119 T.C. 252, 259-260 (2002).  As the moving party, respondent bears the burden of establishing that there is no genuine issue of material fact.  <u>Dahlstrom v. Commissioner</u>, 85 T.C. 812, 821 (1985); <u>Jacklin v. Commissioner</u>, 79 T.C. 340, 344 (1982).  Although factual inferences will be drawn in a light most favorable to petitioners as the nonmoving party, petitioners cannot merely rest upon the allegations or denials in their pleadings but must "set forth specific facts showing that there is a genuine issue for trial."  See Rule 121(d); <u>Dahlstrom v. Commissioner</u>, <u>supra</u> at 820-821.

Respondent supports his motion for summary judgment with the pleadings, a declaration from the Appeals manager who supervised petitioners' CDP hearing, and various exhibits.  Petitioners, in failing to respond to respondent's motion for summary judgment, have failed to raise any genuine issue of material fact.  We therefore conclude that this case is ripe for summary judgment.

Section 6331(a) authorizes the Commissioner to levy upon a taxpayer's property where that taxpayer is liable for taxes but neglects or refuses to pay that liability within 10 days after notice and demand for payment.  Section 6330 generally provides that the Commissioner may not proceed with collection by levy until the taxpayer has been given written notice and an opportunity for a hearing with an impartial Appeals officer.  See sec. 6330(a) and (b); <u>Davis v. Commissioner</u>, 115 T.C. 35, 37

(2000).  Following the CDP hearing Appeals must issue a notice of determination which sets forth its findings and decisions.  See sec. 6330(c)(3); see also sec. 301.6330-1(e)(3), Q&A-E8, Proced. & Admin. Regs.  Section 6330(d)(1) allows for judicial review of Appeals' determination where the taxpayer files a timely petition with the Court.

A taxpayer may generally challenge the existence or amount of an underlying tax liability only if he or she did not receive a statutory notice of deficiency for such liability or did not otherwise have an opportunity to dispute that tax liability. Sego v. Commissioner, 114 T.C. 604, 609 (2000); see also sec. 6330(c)(2)(B).  Where the underlying tax liability is not at issue, we review the Commissioner's administrative determination for abuse of discretion.  Lunsford v. Commissioner, 117 T.C. 183, 185 (2001); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Abuse of discretion exists where Appeals acted arbitrarily, capriciously, or without sound basis in fact or law.  Murphy v. Commissioner, 125 T.C. 301, 320 (2005), affd. 469 F.3d 27 (1st Cir. 2006); Woodral v. Commissioner, 112 T.C. 19, 23 (1999). Petitioners received a notice of deficiency for 2006 and acknowledged receipt of that notice of deficiency through a letter from their representative.  Because petitioners did not file a petition for redetermination within 90 days, they are precluded from challenging their 2006 tax liability.  See

Martinez v. Commissioner, T.C. Memo. 2010-181.  We thus review
Appeals' determination to sustain the proposed levy for abuse of
discretion.  Goza v. Commissioner, supra.

Under section 6330(c)(3), the determination of an Appeals
officer must consider (A) the verification that the requirements
of applicable law and administrative procedure have been met, (B)
any relevant issues relating to the unpaid tax or proposed levy,
and (C) whether the proposed levy balances the need for efficient
collection of tax with the taxpayer's legitimate concern that the
collection action be no more intrusive than necessary.  Here, the
Appeals settlement officer addressed each of these requirements.
She reviewed the Internal Revenue Service's transcripts and
computer records of petitioners' account to determine that the
requirements of applicable law and administrative procedure had
been met.  See Neugebauer v. Commissioner, T.C. Memo. 2003-292;
Hack v. Commissioner, T.C. Memo. 2002-243.  The Appeals
settlement officer considered the issues petitioners raised but
determined that petitioners could not contest the validity or
amount of their underlying tax liability because they had been
given a prior opportunity to do so.  See Martinez v.
Commissioner, supra.  Finally, the Appeals settlement officer
balanced the need for efficient collection of taxes against
petitioners' legitimate concern that the proposed collection
action be no more intrusive than necessary.

We conclude that Appeals did not abuse its discretion in sustaining the proposed levy on petitioners' property to satisfy their 2006 Federal income tax liability.  Accordingly, we will grant respondent's motion for summary judgment.

To reflect the foregoing,

An appropriate order and decision will be entered.