T.C. Memo. 2015-108

UNITED STATES TAX COURT

EPITOME SYSTEMS, INC., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 4177-13L, 24939-13.   Filed June 11, 2015.

Donald E. Baldauf (an officer), for petitioner.

<u>Laura A. Price</u> and <u>Lauren B. Epstein</u>, for respondent.

MEMORANDUM OPINION

NEGA, <u>Judge</u>: These cases were consolidated for purposes of trial, briefing, and opinion. Petitioner commenced the case at docket No. 4177-13L in response to a Notice of Determination Concerning Collection Action(s) under Section 6320 and/or 6330 (notice of determination) upholding collection actions

[*2] regarding an employment tax deficiency of $1,073 for tax year 2006.[1]

Petitioner commenced the case at docket No. 24939-13 in response to a notice of deficiency respondent sent to petitioner on September 10, 2013, in which respondent determined deficiencies in and additions to tax on petitioner's Federal income tax in the following amounts:

| | | Additions to tax[1] | |
| --- | --- | --- | --- |
| TYE June 30 | Deficiency | Sec. 6651(a)(1) | Sec. 6655(a) |
| 2009 | $7,978 | $1,795 | $214 |
| 2010 | 36,144 | 8,132 | 227 |
| 2011 | 58,214 | 13,098 | 828 |
| 2012 | 31,079 | 6,993 | 565 |

[1]Respondent also determined an addition to tax under sec. 6651(a)(2) for each year at issue in an amount to be computed at a later date.

The issues for consideration in the case at docket No. 4177-13L are (1) whether petitioner underreported wages paid to its only employee, Donald Baldauf, and (2) whether the settlement officer abused her discretion in upholding the collection action for petitioner's employment tax liability for tax year 2006.

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.  All monetary amounts are rounded to the nearest dollar.

[*3] The issues for consideration in the case at docket No. 24939-13 are whether petitioner (1) failed to report net taxable income of $51,910 and $135,626 for tax years ending (TYE) June 30, 2009 and 2010, respectively, (2) failed to report gross receipts of $192,215 and $122,637 for TYE June 30, 2011 and 2012, respectively, and (3) is liable for the additions to tax pursuant to sections 6651(a)(1) and (2) and 6655(a) for TYE June 30, 2009 through 2012.

## Background

The facts have been deemed established for purposes of these cases under Rule 91(f). At the time the petitions were filed, petitioner was a C corporation[2] with its principal place of business in Bradenton, Florida.

## I.     Docket No. 4177-13L

The notice of determination underlying petitioner's case at docket No. 4177-13L was mailed on January 25, 2013. Mr. Baldauf was petitioner's only employee during tax year 2006. Petitioner filed Forms 941, Employer's Quarterly

---

[2]Petitioner in its petition at docket No. 24939-13 contends that it is an S corporation. An eligible small business corporation may elect to be treated as an S corporation under sec. 1362(a) by, inter alia, filing a completed Form 2553, Election by a Small Business Corporation, with the Internal Revenue Service. Sec. 1362(a); sec. 1.1362-6(a)(2)(i), Income Tax Regs. Respondent does not have any records indicating that petitioner has ever made the requisite election to be treated as an S corporation, nor did petitioner offer any evidence corroborating its assertion that it is an S corporation.

**[*4]** Federal Tax Return, for each quarter of 2006, reporting total taxable wages paid to Mr. Baldauf of $49,000. Petitioner made employment tax deposits of $12,985 for tax year 2006.

Petitioner filed a Form W-2, Wage and Tax Statement, for wages paid to Mr. Baldauf during tax year 2006. The 2006 Form W-2 reported that petitioner paid Mr. Baldauf $51,000 during tax year 2006. The 2006 Form W-2 thus reported an amount paid to Mr. Baldauf that was $2,000 more than the total of the amounts reported on the 2006 Forms 941. On March 1, 2010, respondent assessed petitioner an additional $530 in employment tax for the period ending December 31, 2006.

Petitioner timely submitted Form 12153, Request for a Collection Due Process or Equivalent Hearing, following receipt of a Letter LT-11, Notice of Intent to Levy and Notice of Your Right to a Hearing. Settlement Officer Denise Williams (SO Williams) scheduled a collection due process (CDP) hearing for November 20, 2012, and requested various documentation from petitioner in advance of the hearing, including (1) Form 433-B, Collection Information Statement for Businesses, (2) Forms 941 for December 31, 2007, through September 30, 2012, (3) Forms 940, Employer's Annual Federal Unemployment

[*5] (FUTA) Tax Return, for 2007 through 2011, and (4) proof of deposits for 2007 through September 30, 2012.

A telephone CDP hearing was held on November 27, 2012, between SO Williams and Mr. Baldauf. Petitioner did not provide the requested documentation in advance of the hearing. During the hearing Mr. Baldauf raised frivolous arguments, claiming that the Constitution does not require him to pay taxes. Mr. Baldauf stated that he disagreed with the additional tax and desired to take his case to the Tax Court. Petitioner did not offer any collection alternatives, and SO Williams upheld the proposed levy.

II.    Docket No. 24939-13

The notice of deficiency underlying petitioner's case at docket No. 24939-13 was mailed to petitioner on September 10, 2013. During the years at issue Mr. Baldauf was petitioner's only employee and sole shareholder. In the process of auditing Mr. Baldauf's 2009 personal income tax return to which he had attached a Schedule C, Profit or Loss From Business, relating to petitioner's business, respondent learned that petitioner was a subchapter C corporation that had not filed Forms 1120, U.S. Corporation Income Tax Return, for TYE June 30, 2008 through 2012, nor had it paid taxes for those tax years. Respondent conducted a bank deposits analysis of petitioner's bank records in order to

[*6] reconstruct its income. During the years at issue petitioner maintained accounts at First America Bank.

Revenue Agent Joseph Castellano (RA Castellano) audited petitioner's bank records for the tax years at issue in order to reconstruct petitioner's income. Petitioner provided respondent with some books and records relating to 2009 but did not provide books and records for any other years. RA Castellano cross-referenced the 2009 books and records with the expenses that were reported on the Schedule C attached to Mr. Baldauf's 2009 Federal income tax return and determined that the Schedule C expenses were substantiated through the provided books and records. Except for the calendar year 2009 expenses, RA Castellano did not allow as deductible expenses the expenditures appearing on petitioner's bank account records because petitioner did not provide any documentation for the business nature of those expenses.

Respondent prepared substitutes for returns (SFRs) for petitioner for TYE June 30, 2009 through 2012. For petitioner's TYE June 30, 2009 and 2010, respondent transferred allowable expenses from the Schedule C attached to Mr. Baldauf's 2009 tax return to the Forms 1120 for those periods. Because Mr. Baldauf's 2009 Schedule C reported expenses on a calendar year basis, respondent allocated half of the expenses to petitioner's Form 1120 for TYE June 30, 2009,

[*7] and half to TYE June 30, 2010.  Mr. Baldauf has not filed a Federal income tax return since 2009, and accordingly, there were no Schedules C from Mr. Baldauf relating to petitioner's TYE June 30, 2011 or 2012, that would have allowed respondent to determine expenses allocable to those tax years.  Petitioner has not provided respondent with documentation concerning expenses for those tax years.

## Discussion

I.    Docket No. 4177-13L

A.    Overview of CDP Hearing Requirements

Under section 6331(a), the Commissioner is authorized to levy upon the property or property rights of a taxpayer who fails to make payment for taxes due within 10 days after notice and demand for payment.  At least 30 days before a levy is made, the Commissioner must notify the taxpayer in writing of the opportunity to appeal the proposed levy at a CDP hearing held by the Office of Appeals (Appeals).  See sec. 6330(a)(1), (b)(1).  At the hearing the taxpayer may raise any relevant issue as to the propriety of the proposed levy, such as spousal defenses, challenges to the collection action, and offers of collection alternatives. Sec. 6330(c)(2)(A); see also Sego v. Commissioner, 114 T.C. 604, 609 (2000). The taxpayer may also challenge the existence or amount of the underlying tax

**[\*8]** liability if he or she did not receive a notice of deficiency or did not otherwise have an opportunity to dispute the liability. Sec. 6330(c)(2)(B). The Appeals officer must make a determination about whether to uphold the proposed levy, taking into consideration (1) verification that the requirements of any applicable law or administrative procedure have been met, (2) relevant issues raised at the hearing, and (3) whether any proposed collection action balances the need for the efficient collection of taxes with the taxpayer's legitimate concern that any collection action be no more intrusive than necessary. Sec. 6330(c)(1), (2), and (3)(A), (B), and (C).

A taxpayer may petition the Court under section 6330(d) to review Appeals' determination. Where the validity of the tax liability is properly at issue, we review the tax liability de novo. Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). The Court reviews other administrative determinations of Appeals for abuse of discretion. Craig v. Commissioner, 119 T.C. 252, 260 (2002) (citing Sego v. Commissioner, 114 T.C. at 610). An abuse of discretion occurs when Appeals' determination is arbitrary, capricious, or without sound basis in fact or law. See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006); Freije v. Commissioner, 125 T.C. 14, 23 (2005).

**[\*9]**  Respondent concedes that the underlying liability is at issue in the case at docket No. 4177-13L.  Accordingly, we review de novo whether petitioner is liable for the deficiency in its employment taxes.  See Sego v. Commissioner, 114 T.C. at 610.  After reviewing de novo the underlying liability, we review the other determinations of Appeals for abuse of discretion.  See Craig v. Commissioner, 119 T.C. at 260.

### B.     Burden of Proof

In general, the Commissioner's determination as to a taxpayer's tax liability is presumed correct, and the taxpayer bears the burden of proving otherwise.  See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

### C.     Employer Withholding Requirements

The Internal Revenue Code requires employers to pay employment taxes imposed on employers and to withhold from employees' wages certain taxes imposed on employees.  See secs. 3111, 3301, 3101, 3102.  Section 3402 requires employers to withhold from employees' wages the amounts of Federal income tax owed by those employees.  Section 3501 requires employers to deposit the amounts withheld under section 3402 with the Treasury of the United States.  Section 3403 imposes liability on employers who fail to withhold required amounts of tax owed by employees.

[*10] D.    Application and Analysis

The employment tax liability at issue in the case at docket No. 4177-13L arises from a $2,000 discrepancy between amounts reported on petitioner's Forms 941 for tax year 2006 and Mr. Baldauf's Form 1040, U.S. Individual Income Tax Return, for tax year 2006.  Petitioner argued in its petition that the discrepancy resulted from a "computer glitch" that resulted in the application of a December 2006 payment to January 2007.  Respondent disputes this allegation, claiming that respondent's records for the first three quarters of 2007 show matching amounts between petitioner's quarterly deposits and its 2007 Forms 941.

At trial Mr. Baldauf testified that he erred in allocating a paycheck from petitioner to himself when there were insufficient funds for petitioner to pay him.  Accordingly, Mr. Baldauf claims that he did not receive $2,000 from petitioner in the form of one paycheck, thus accounting for the discrepancy between amounts reported on his Federal income tax return and petitioner's 2006 Forms 941.  Petitioner did not offer into evidence any documentary evidence of this mistake, such as its own bank records or those of Mr. Baldauf.  Instead petitioner offered only the testimony of Mr. Baldauf, petitioner's sole employee and shareholder.  Petitioner thus offered two differing explanations as to the $2,000 discrepancy.  In sum, petitioner has not met its burden of proof to show

**[\*11]** that respondent's determination regarding its 2006 employment tax liability is incorrect.

### E. Appeals' Determination

We proceed to determine whether SO Williams abused her discretion in upholding the levy action against petitioner. Petitioner did not provide the requested financial information before the CDP hearing. Nor did it offer any collection alternatives. Mr. Baldauf, as petitioner's representative in the CDP hearing, raised frivolous arguments. SO Williams' decision to uphold the proposed levy was not an abuse of discretion in the light of petitioner's failure to provide the requested financial information. See, e.g., Cavazos v. Commissioner, T.C. Memo. 2008-257; Prater v. Commissioner, T.C. Memo. 2007-241. Further, SO Williams' determination was not an abuse of discretion considering that petitioner did not raise any relevant issues or appropriate defenses to the collection action, nor did it offer any collection alternatives. See Kendricks v. Commissioner, 124 T.C. 69, 79 (2005) ("Since there was no offer in compromise before Appeals, there was no abuse of discretion in Appeals' failing to consider an offer in compromise."). SO Williams followed the requirements of section 6330(c), and her decision to uphold the levy action was not an abuse of discretion.

[*12] II.     Docket No. 24939-13

    A.     Burden of Proof

In general, the Commissioner's determination as to a taxpayer's tax liability is presumed correct, and the taxpayer bears the burden of proving otherwise. See Rule 142(a); Welch v. Helvering, 290 U.S. at 115. In cases involving unreported income, the presumption of correctness attaches if the notice of deficiency is supported by a minimal evidentiary foundation linking the taxpayer to the income-producing activity. Blohm v. Commissioner, 994 F.2d 1542, 1549 (11th Cir. 1993), aff'g T.C. Memo. 1991-636. As discussed infra, we find respondent provided such a foundation here so that petitioner bears the burden of proof as to its income tax liability. Petitioner has not asserted, nor do we find, that the burden of proof has shifted to respondent pursuant to section 7491(a). Petitioner also bears the burden of proving that it is not liable for any addition to tax or penalty. See NT, Inc. v. Commissioner, 126 T.C. 191, 195 (2006).

    B.     Deficiency

Gross income includes all income from whatever source derived, including gross income derived from a business. Sec. 61(a)(2). Taxpayers must keep such records as are sufficient to establish gross income and deductions. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs. If a taxpayer fails to maintain the required

[*13] records, the Commissioner may determine the taxpayer's income by any method that clearly reflects income. See sec. 446(b); Petzoldt v. Commissioner, 92 T.C. 661, 693 (1989). Pursuant to section 6020(b), the Commissioner is authorized to prepare an SFR for any taxpayer who fails to file a tax return.

Bank deposits are prima facie evidence of income, and the Commissioner does not need to prove a likely source of such income. Tokarski v. Commissioner, 87 T.C. 74, 77 (1986); Estate of Mason v. Commissioner, 64 T.C. 651, 656-657 (1975), aff'd, 566 F.2d 2 (6th Cir. 1977). The use of the bank deposits method has long been sanctioned by the courts. Estate of Mason v. Commissioner, 64 T.C. at 656. The bank deposits method assumes that all money deposited into a taxpayer's account during a given period constitutes taxable income. Price v. United States, 335 F.2d 671, 677 (5th Cir. 1964). When the bank deposits method is used, "the Government must take into account any non-taxable source or deductible expense of which it has knowledge". Id. The taxpayer bears the burden of proving that bank deposits come from non-taxable sources. Clayton v. Commissioner, 102 T.C. 632 (1994).

Petitioner failed to file tax returns for TYE June 30, 2009 through 2012. Additionally, petitioner did not provide respondent with records of deductible expenses incurred outside of calendar year 2009. Respondent's use of the bank

[*14] deposits method to reconstruct petitioner's income was reasonable. RA Castellano examined the bank accounts that petitioner used for the tax years at issue and transferred expenses from Mr. Baldauf's 2009 Schedule C to the SFRs for petitioner's TYE June 30, 2009 and June 30, 2010. Petitioner has not provided the Court with any books and records that would show that the deposits into its bank accounts were not taxable income, nor has it provided the Court with evidence of deductible expenses exceeding that respondent already allowed. Accordingly, petitioner has not shown that respondent's determinations with regard to its tax liabilities were in error.

C.      Additions to Tax

We proceed to consider whether petitioner is liable for additions to tax under sections 6651(a)(1) and (2) and 6655(a) for failure to (1) timely file returns for the years at issue, (2) timely pay the tax due for those tax years, and (3) pay estimated income tax during the years at issue. Section 6651(a)(1) provides for an addition to tax for failure to timely file, unless it is shown that the failure is due to reasonable cause and not due to willful neglect. Similarly, section 6651(a)(2) provides for an addition to tax for failure to timely pay the amount shown as tax on any return, unless it is shown that the failure is due to reasonable cause and not

[*15] due to willful neglect.  Section 6655(a) imposes an addition to tax for corporations that fail to make estimated tax payments.

Petitioner did not file income tax returns for the tax years at issue, nor did it offer any reasonable cause for failing to do so.  Accordingly, petitioner is liable for the addition to tax under section 6651(a)(1) for its TYE June 30, 2009 through 2012.

Respondent prepared SFRs for the tax years at issue in accordance with his authority under section 6020(b), and petitioner did not pay the amounts shown as due.  See sec. 6651(g)(2); Cabirac v. Commissioner, 120 T.C. 163, 170-173 (2003).  The returns respondent prepared met the requirements for SFRs under section 6020(b).  See Wheeler v. Commissioner, 127 T.C. 200, 210 (2006), aff'd, 521 F.3d 1289 (10th Cir. 2008).  Petitioner has not offered any arguments alleging reasonable cause for failure to pay the amounts shown as due on the returns and so is liable for the additions to tax under section 6651(a)(2).

Next, we consider whether petitioner is liable for the addition to tax under section 6655(a) for failure to make estimated tax payments.  Since petitioner failed to file a tax return for TYE June 30, 2008, the required annual payment of estimated tax, as it relates to this case, equals 100% of petitioner's tax for TYE June 30, 2009 through 2012.  See sec. 6655(d)(1)(B)(i).  Petitioner made no

**[\*16]** payments of estimated tax for any of the tax years at issue.  Accordingly, we hold that petitioner is liable for the section 6655(a) addition to tax for failure to make estimated tax payments.

In reaching our holding, we have considered all arguments made, and, to the extent not mentioned above, we conclude they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decisions will be entered</u>

<u>for respondent</u>.