# United States Tax Court

T.C. Memo. 2023-110

BONNIE LEM,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

_____

Docket No. 26587-21L.                                Filed August 28, 2023.

_____

Bonnie Lem, pro se.

*G. Chad Barton* and *Jared B. Haines*, for respondent.

## MEMORANDUM OPINION

LANDY, *Special Trial Judge*: This collection review case is before the Court on the Commissioner's Motion for Summary Judgment, filed November 16, 2022. The Internal Revenue Service (IRS)[1] Independent Office of Appeals (Appeals Office)[2] issued to petitioner, Bonnie Lem, a notice of determination dated June 16, 2021, sustaining the issuance of a notice of intent to levy with respect to her unpaid Federal income tax liabilities for tax years 2014 and 2015 (years at issue). Ms. Lem invoked the Court's jurisdiction by filing a Petition for review of the proposed

_____

[1] The term "Internal Revenue Service" or "IRS" refers to the administrative actions conducted before the filing of the Petition in this case. The term "Commissioner" refers to the Commissioner of Internal Revenue, the head of the IRS and respondent in this case, and to actions taken since the Petition was filed in this case.

[2] On July 1, 2019, the IRS Office of Appeals was renamed the IRS Independent Office of Appeals. *See* Taxpayer First Act, Pub. L. No. 116-25, § 1001, 133 Stat. 981, 983 (2019).

[*2] levy action pursuant to section 6330(d).[3] In filing his Motion, the Commissioner contends that the settlement officer did not abuse her discretion in disallowing the proposed collection alternative to the proposed levy action because Ms. Lem did not (1) meaningfully participate in the collection due process (CDP) proceeding or (2) provide the requested financial information. We agree, and for the reasons stated below, we will grant the Commissioner's motion.

*Background*

There is no dispute as to the following facts, which are drawn from the Petition, the Amended Petition, the Commissioner's Motion, and the associated Declarations and Exhibits, which constitute the administrative record of this CDP proceeding. Ms. Lem resided in Arkansas when she timely filed her Petition.

On January 18, 2019, Ms. Lem late filed her Forms 1040, U.S. Individual Income Tax Return, for the years at issue, which reflected a balance due for each year due to insufficient federal tax withholdings and estimated tax payments made. In accordance with section 6201, the IRS assessed the tax, additions to tax, and accrued interest for the years at issue. The IRS sent Ms. Lem notice and demand for payment as required by section 6303. Ms. Lem remitted a payment towards the liability for 2014, but it was insufficient to fully pay the total tax liability due for that year. With the application of overpayment credits applied for the years at issue from tax years 2016, 2019, 2020, and 2021 pursuant to section 6402, an outstanding self-reported liability remains for each of the years at issue.

On February 10, 2020, the IRS issued to Ms. Lem a Notice CP 90, Intent to Seize your Assets and Notice of Your Right to a Hearing (levy notice). The levy notice indicated that Ms. Lem owed the IRS a total of $53,959 in tax, additions to tax, and additional interest for the years at issue. It also instructed Ms. Lem that she could appeal the proposed levy by requesting a CDP hearing, using the enclosed Form 12153, Request for a Collection Due Process or Equivalent Hearing, by March 11, 2020.

---

[3] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, regulation references are to the *Code of Federal Regulations*, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

**[\*3]**    Ms. Lem completed and timely returned Form 12153, indicating the proposed levy as her basis for requesting a CDP hearing or an equivalent hearing to the extent a CDP hearing was not available.[4] On Form 12153 Ms. Lem checked the box "I cannot pay balance" seeking to have her account placed into currently not collectible (CNC) status. Ms. Lem provided a list of the limited monthly income she received, but she did not provide any information regarding any debts owed, other assets, or any other substantiation. Ms. Lem further stated on Form 12153 that she believed that she would be able to fully pay the liabilities for the years at issue from the net proceeds upon the sale of her personal residence.

Ms. Lem's CDP case was assigned to Settlement Officer Daniel (SO Daniel) in the Appeals Office. On January 29, 2021, SO Daniel mailed to Ms. Lem a letter, with a copy to her representative, Robert Rivesman, scheduling a telephone conference for March 30, 2021. SO Daniel also requested, within 14 days of the letter date, (1) a completed Form 433–A, Collection Information Statement for Wage Earners and Self-Employed Individuals, (2) supporting documentation for the last three months for all amounts listed on Form 433–A, in order for SO Daniel to consider a collection alternative, and (3) that Ms. Lem contact her if the telephone conference needed to be rescheduled. Ms. Lem did not contact SO Daniel by the requested deadline to reschedule the telephone CDP hearing or return any of the requested financial documents.

SO Daniel verified that all legal and administrative requirements for the underlying liabilities for the years at issue and the proposed levy action had been met before issuance of the levy notice to Ms. Lem. On March 30, 2021, Ms. Lem did not call in to the scheduled telephone conference. The same day, 60 days after the initial January 29, 2021, letter, SO Daniel mailed to Ms. Lem a last chance letter, requesting that Ms. Lem contact her and provide any information for consideration within 14 days of the letter date, no later than April 13, 2021. SO Daniel stated that she would close the case and make a determination after April 13, 2021, with information received and contained in the IRS Collections administrative file for Ms. Lem.

---

[4] An equivalent hearing is an administrative hearing in the Appeals Office that may be requested by a taxpayer who fails to timely request a CDP hearing. Treas. Reg. § 301.6330-1(i)(1). An equivalent hearing resembles a CDP hearing but does not result in a determination subject to judicial review. *See Craig v. Commissioner*, 119 T.C. 252, 258–59 (2002); Treas. Reg. § 301.6330-1(i)(2), Q&A-I6.

**[*4]**    On April 12, 2021, SO Daniel received a call from Mr. Rivesman stating that Ms. Lem had moved from League City, Texas, and he requested additional time to contact her to determine whether she had any financial information responsive to SO Daniel's prior letters. SO Daniel provided Mr. Rivesman and Ms. Lem with an additional 14 days from April 12 to April 26, 2021, to provide any financial information for her consideration. Both Ms. Lem and Mr. Rivesman failed to respond to SO Daniel's requests for financial information or to reschedule the telephone conference.

On June 16, 2021, the IRS issued to Ms. Lem a Notice of Determination Concerning Collection Actions Under IRS Sections 6320 or 6330 of the Internal Revenue Code (notice of determination). In the notice of determination, SO Daniel determined to sustain the proposed levy action against Ms. Lem on the grounds that "[the IRS] could not reach an agreement, extend any relief to [Ms. Lem] or even consider any alternatives to the proposed levy, because after [Ms. Lem] requested an appeal and a hearing was offered, [Ms. Lem] did not cooperate with [the Appeals Office]."

On July 16, 2021, Ms. Lem sent a letter attaching a partial copy of the notice of determination, which the Court filed as a Petition, disputing the notice of determination and acknowledging that she owed a liability for the tax years at issue. Ms. Lem argues that she should be able to pay any amount owed in installments. She further states that she has not been able to resolve this liability because of the loss of financial records upon moving from Texas to Arkansas after her spouse's death. By Order served October 19, 2021, the Court directed Ms. Lem to file an Amended Petition because the original filed Petition did not comply with the Court's Rules as to form and content of a proper petition, and the filing fee was not paid. On December 6, 2021, Ms. Lem mailed an Amended Petition to the Court, which we again filed, repeating many of the statements made in her initial Petition, and she paid the filing fee.

On November 16, 2022, the Commissioner filed a Motion for Summary Judgment, to which we directed Ms. Lem to respond. We advised Ms. Lem that her failure to respond to the Motion might result in the Court's granting the Motion and a judgment's being entered against her in accordance with Rule 121. Ms. Lem has not responded to the Motion.

**[\*5]**                                   *Discussion*

I.      *General Principles*

     A.      *Summary Judgment Standard*

Summary judgment serves to "expedite litigation and avoid unnecessary and expensive trials." *Fla. Peach Corp. v. Commissioner*, 90 T.C. 678, 681 (1988). We may grant summary judgment when there is no genuine dispute of material fact and a decision may be rendered as a matter of law. Rule 121(a)(2); *Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994).

The moving party bears the burden of proving that no genuine dispute exists as to any material fact and that he is entitled to judgment as a matter of law. *See FPL Grp., Inc. & Subs. v. Commissioner*, 115 T.C. 554, 559 (2000); *Bond v. Commissioner*, 100 T.C. 32, 36 (1993); *Naftel v. Commissioner*, 85 T.C. 527, 529 (1985). In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in a light most favorable to the nonmoving party. *Sundstrand Corp.*, 98 T.C. at 520. The nonmoving party may not rest upon mere allegations or denials in its pleadings but must set forth specific facts showing there is a genuine dispute for trial. Rule 121(d); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

     B.      *Hearings Under Section 6330*

Section 6331(a) authorizes the Secretary to levy upon property and taxpayers' rights to property if the taxpayers are liable for taxes and fail to pay those taxes within 10 days after a notice and demand for payment is made. The Secretary is required to notify the taxpayers in writing of their right to a hearing before a levy is made. § 6330(a)(1).

Section 6330 provides procedures for administrative and judicial review of the IRS's proposed levy actions. Any person receiving a notice of proposed levy may request an administrative hearing with the Appeals Office. The Appeals Office in turn is obliged to verify that the requirements of any applicable law or administrative procedure have been met. § 6330(c)(1), (3)(A). The person may raise at the administrative hearing any relevant issue relating to the unpaid tax or the collection action, including challenges to the appropriateness of the collection action and offers of collection alternatives. § 6330(c)(2)(A), (3)(B). The person may also raise at the hearing challenges to the existence or amount of the underlying liability if the person did not

[*6] receive a statutory notice of deficiency for the tax liability or did not otherwise have an opportunity to dispute it. § 6330(c)(2)(B). Finally, the Appeals Office must consider whether the collection action balances the need for efficient collection against the person's concern that collection be no more intrusive than necessary. § 6330(c)(3)(C).

C.     *Standard and Scope of Review*

Section 6330(d)(1) grants this Court jurisdiction to review the administrative determination by the Appeals Office in connection with a CDP hearing. Where the validity of a taxpayer's underlying tax liability is properly at issue, we review the determination de novo. *Sego v. Commissioner*, 114 T.C. 604, 609–10 (2000). Where the validity of the underlying tax liability is not properly at issue, the Court will review the settlement officer's determination for abuse of discretion. *Id.* at 610. Abuse of discretion exists when a determination is "arbitrary, capricious, or without sound basis in fact or law." *Murphy v. Commissioner*, 125 T.C. 301, 320 (2005), *aff'd*, 469 F.3d 27 (1st Cir. 2006).

This decision is appealable to the U.S. Court of Appeals for the Eighth Circuit, pursuant to section 7482(b)(1)(G)(i), absent the parties' stipulation to the contrary. The Eighth Circuit has held that the scope of review in the CDP context is confined to the administrative record where a de novo review is not applicable. *See Robinette v. Commissioner*, 439 F.3d 455, 459–62 (8th Cir. 2006), *rev'g* 123 T.C. 85 (2004). Since Ms. Lem resided in Arkansas when the Petition was filed, we apply the scope of review mandated by the Eighth Circuit, in which an appeal in this case would lie. *See Golsen v. Commissioner*, 54 T.C. 742, 757 (1970), *aff'd*, 445 F.2d 985 (10th Cir. 1971).

Although Ms. Lem did not file a response to the Commissioner's Motion, no evidence exists that the administrative record before us is inaccurate or incomplete. Consequently, "summary judgment serves as a mechanism for deciding, as a matter of law, whether the agency action is supported by the administrative record and is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Belair v. Commissioner*, 157 T.C. 10, 17 (2021) (quoting *Van Bemmelen v. Commissioner*, 155 T.C. 64, 79 (2020)).

**[\*7]** II.    *Analysis*

A.    *Challenge to the Underlying Liability*

As stated above, a taxpayer may challenge the existence or amount of its underlying liability in a CDP proceeding only if the taxpayer "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." § 6330(c)(2)(B). When the underlying liability is reported by a taxpayer on a return and summarily assessed by the IRS, the taxpayer may still challenge that liability's existence or amount so long as the taxpayer did not otherwise have an opportunity to dispute that tax liability. *See Montgomery v. Commissioner*, 122 T.C. 1, 8–9 (2004). However, to preserve such a challenge, a taxpayer must raise the issue of the underlying liability during the CDP proceeding. *See Giamelli v. Commissioner*, 129 T.C. 107, 112–116 (2007); Treas. Reg. § 301.6330-1(f)(2), Q&A-F3.

The administrative record does not show that Ms. Lem received a notice of deficiency with respect to the liabilities or had a prior opportunity to dispute the underlying liabilities for the years at issue. However, Ms. Lem did not challenge the validity of or amount of her underlying Federal income tax liabilities for the years at issue during the CDP hearing. Therefore, Ms. Lem has conceded this issue. We will review the Appeals Office's determination for abuse of discretion.

B.    *Abuse of Discretion*

In reviewing the settlement officer's determination for abuse of discretion, we consider whether SO Daniel (1) properly verified that the requirements of applicable law or administrative procedure have been met, (2) considered any relevant issues Ms. Lem raised, and (3) considered whether any proposed collection action balances the Government's need for the efficient collection of taxes with Ms. Lem's legitimate concern that any collection action be no more intrusive than necessary. *See* § 6330(c)(3); *Thompson v. Commissioner*, 140 T.C. 173, 178–79 (2013).

In reviewing the determination, we do not substitute our judgment for that of the settlement officer or make an independent determination of what would be an acceptable collection alternative. *Thompson*, 140 T.C. at 179. If the settlement officer "followed all statutory and administrative guidelines and provided a reasoned,

[*8] balanced decision," we "will not reweigh the equities." *Id*. The Court concludes that SO Daniel satisfied all three requirements.

1. *Verification Requirements*

We have authority to review satisfaction of the verification requirement regardless of whether Ms. Lem raised that issue at the CDP hearing. *See Hoyle v. Commissioner*, 131 T.C. 197, 202–03 (2008), *supplemented by* 136 T.C. 463 (2011). Ms. Lem has not at any point in this case challenged the verification requirement, and we conclude from the record that SO Daniel conducted a thorough review of Ms. Lem's account transcripts and verified that all applicable requirements were met. *See* Rule 331(b)(4) ("Any issue not raised in the assignments of error shall be deemed to be conceded.").

2. *Issues Raised During the CDP Hearing*

A settlement officer is required to consider any relevant issue raised by a taxpayer during a CDP hearing. § 6330(c)(2)(A), (3)(B). During the CDP hearing Ms. Lem raised the issue of her inability to pay her federal tax liabilities for the years at issue and requested that her tax account be placed into CNC status. SO Daniel asked Ms. Lem to submit a completed Form 433–A so that she could consider a collection alternative.

CNC status, which suspends IRS collection efforts, "is a 'collection alternative' that the taxpayer may propose and that the Office of Appeals must take into consideration." *Riggs v. Commissioner*, T.C. Memo. 2015-98, at *11 (quoting *Wright v. Commissioner*, T.C. Memo. 2012-24, 2012 WL 204181, at *3); *see also Norberg v. Commissioner*, T.C. Memo. 2022-30, at *5. CNC status may be available when, "'based on the taxpayer's assets, equity, income and expenses,' [the taxpayer] has no apparent ability to make payments on the outstanding tax liability." *Fangonilo v. Commissioner*, T.C. Memo. 2008-75, 2008 WL 852023, at *4 (quoting *Foley v. Commissioner*, T.C. Memo. 2007-242, 2007 WL 2403732, at *2). "But to justify an account's being placed in CNC status, the taxpayer must supply evidence of his financial circumstances, including 'the money that is available to him and the expenses that he bears.'" *Chadwick v. Commissioner*, 154 T.C. 84, 95 (2020) (quoting *Pitts v. Commissioner*, T.C. Memo. 2010-101, 2010 WL 1838282, at *8).

In her January 29, 2021, letter, SO Daniel requested that Ms. Lem submit a financial statement on Form 433–A, permitting her to

**[\*9]** evaluate Ms. Lem's financial position and eligibility for CNC status. Ms. Lem failed to provide the requested financial information by the stated original and extended deadlines. No abuse of discretion exists when a settlement officer rejects a taxpayer's collection alternative and sustains the proposed collection action where the taxpayer fails, after being given sufficient time, to supply the settlement officer with the required forms and supporting financial information. *Wright v. Commissioner*, 2012 WL 204181, at \*3; *Mahlum v. Commissioner*, T.C. Memo. 2010-212; *Swanton v. Commissioner*, T.C. Memo. 2010-140, 2010 WL 2541153, at \*6; *Pitts v. Commissioner*, 2010 WL 1838282; Treas. Reg. § 301.6330-1(e)(1) ("Taxpayers will be expected to provide all relevant information requested by Appeals, including financial statements, for its consideration of the facts and issues involved in the hearing."). Accordingly, the Court concludes that SO Daniel did not abuse her discretion in declining to place Ms. Lem's tax account under CNC status without receiving the requested financial information for review.

### 3.     *Balancing Obligations*

Ms. Lem did not allege in her Petition or Amended Petition that SO Daniel failed to consider "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." *See* § 6330(c)(3)(C). Ms. Lem has conceded this issue, too. *See* Rule 331(b)(4); *see also Ansley v. Commissioner*, T.C. Memo. 2019-46, at \*19. All the same, we are satisfied that the Appeals Office properly considered its balancing obligations as required by section 6330(c)(3)(C) and did not abuse its discretion in deciding to sustain the proposed levy action.

## III.     *Conclusion*

We find no abuse of discretion, and we will grant summary judgment for the Commissioner affirming the Appeals Office's determination to sustain the proposed levy action.

To reflect the foregoing,

*An appropriate order and decision will be entered.*